### ABRAN TOBAR v. JOSE LOSANO.

#### No. 259.

1. **Return on Writ need not Show What Interest is Seized.**— When land is sold under a judgment foreclosing an attachment lien, it is not necessary for the return of the officer or the judgment to show it was the land of the defendant, nor to specify the interest sold.

2. **Judgment—Premature Entry.**—The premature entry of a judgment is erroneous, but does not render the judgment void.

3. **Citation by Publication not Void.** — The return on a citation by publication from the date of issuance and the return day showing that less than twenty-eight days have expired, does not render it void, when the officer's return recites it was published for four successive weeks previous to the return hereof. The presumption is in favor of the officer's return on a collateral attack.

4. **Constable's Deed — Recitals, Variance Between and Judgment.** — A constable's deed reciting a judgment rendered on a different date from the true date, does not render the deed inadmissible, and can be explained by other evidence.

5. **Writ Levied on Return Day.**—A writ of attachment may be levied on return day.

6. **Homestead—Evidence.**—Evidence that at the time of the levy of the attachment on the land in controversy it was the homestead of defendant is admissible in a suit for the land, and this question is not adjudicated unless raised in the foreclosure suit.

7. **Outstanding Title.**—An outstanding title can be shown under a plea of not guilty. A trespasser can show an outstanding legal title.

APPEAL from Bexar. Tried below before Hon. W. W. KING.

*Upson & Bergstrom,* for appellant.

*McLeary & Fleming*, for appellee.

JAMES, Chief Justice.—Victor Reyes died intestate, owning 160 acres pre-emption in Bexar County, patented to himself by patent number 61, volume 13. He died leaving two sons, Theodore Reyes and Felix Reyes. Jose Lozano, the appellee, brought suit against Felix Reyes in a Justice Court, which resulted in a judgment against the latter, on June 9, 1890, for the sum of $32 and costs. This judgment recited, that the defendant had been cited by publication, and that L. N. Walthall, Esq., appointed by the court to represent the defendant, had filed a general denial; and the court foreclosed an attachment lien "acquired by the plaintiff by virtue of a writ of attachment and levy" on the real estate as above described, and directed that the same be sold as under execution, and that with the proceeds plaintiff's claim and costs of court be paid, and that an order of sale be issued for the sale of the land. The justice of the peace testified to the loss of the order of sale and diligent search therefor, and to the fact of the issuance of an order of sale under the foregoing judgment, and its return with the constable's return upon it, showing that the tract of land had been sold. The plaintiff had a deed from the constable, dated October 10, 1890, for the land upon which foreclosure had been had.

The defendant, Abran Tobar, had a deed from Felix Reyes to an undivided half of said tract, which was dated November 11, 1890. Judgment was in favor of the plaintiff.

It appears from the bill of exceptions that the following evidence was offered by plaintiff and considered by the court, over the objections of defendant: The writ of attachment which purported to have issued on April 15, 1890, to the sheriff or constable of Bexar County, commanding him to attach so much of the property of Felix Reyes sufficient to make the sum of $31.75 and probable costs of the suit, and which was in the ordinary form, and was made returnable on May 12, 1890. The return thereon showing a levy made on May 12, 1890, on the land, to-wit, patent number 61, volume 13, abstract number 1021, patented to Victor Reyes, pre-emption, issued on January 9, 1882, in Bexar County. Also of an entry in the justice's docket, showing that the suit was filed on April 4, 1890, that citation issued the same day, returnable to April Term, 1890.

The questions raised on this appeal relate chiefly to the validity of the proceedings which resulted in the constable's deed to plaintiff. The judgment discloses that there had been no personal service, and that it was rendered solely upon service by publication. The defendant asserts that the judgment was void for the following reasons:

First. Because of uncertainty of description of the land levied on, and because it is not stated in the return and judgment that the same was the land of the defendant, nor what interest he had therein. We hold

on this question that if the proceedings were otherwise sufficient, the sale passed any title that the defendant had, and it was not necessary to specify his interest.

Second. Because the judgment was rendered at the first term after the publication, instead of the second term; and because there is no return on the citation signed by the officer showing that the publication had been made; and because the citation was void, in that the return day was less than twenty-eight days from its issuance. The citation was offered in evidence by the defendant and excluded by the court. From a bill of exceptions taken to this ruling it appears to have been issued on April 15, 1890, and recited that affidavit had been made that the defendant is a nonresident of the State, and commanded the officer to summon defendant by publication once a week for four successive weeks previous to the return day hereof, to be and appear before the justice, at a regular term of his court, to be held on May 12, 1890, to answer the suit of Jose Losano for the sum of $31.75, etc., and the return of said citation as follows: "Came to hand on the 15th day of April, 1890, and publication ordered the same day in the Texas Tribune, a paper published in Bexar County, Texas, once in each week for four successive weeks previous to the return hereof. R. R. Martinez, Constable."

This was offered by the defendant doubtless for the purpose of developing the fact that the service was not obtained in conformity with the statute, and to show, in connection with the evidence admitted, that the judgment had been taken at the first and not at the second term.

As there was no personal service or appearance, and as the court acquired no jurisdiction over the person of the defendant, and its jurisdiction was dependent on and confined to the property seized, it was essential that service should have been had as the statute prescribes by publication, before it had authority to render the judgment. Stewart v. Anderson, 70 Texas, 588. In the case last cited a judgment was entered on the very day an amended petition was filed, which set up a new and different cause of action from the one originally stated, and on which there had been a citation by publication, and the court held the judgment to be void, because of the absence of service by publication in respect to the demand upon which judgment was given. It is clear from the above decision that in cases like the present one the court rendering the judgment would be without power to do so, unless publication had been made for the requisite time.

The citation offered by defendant, if admitted, would have shown, in connection with evidence that was introduced, that the suit was filed on April 4, 1890; that on April 15, 1890, a citation by publication issued, returnable on May 12, 1890, less than twenty-eight days from its issuance; and that on April 15 the officer ordered it published in a newspaper once a week for four successive weeks.

The affidavit of the printer on the citation would go for nothing, as his affidavit was no part of the return. Rev. Stats., art. 1283. The return of the officer is all that should be considered in this connection, and this does not show any specific dates of publication. The presumption must obtain in favor of the judgment, that he did his duty and that he promptly caused the publication to be made, and that the court was satisfied of that fact on entering judgment; and if this was done, the four publications were inserted before the citation was returnable, although the period of twenty-eight days had not elapsed. We do not think under these circumstances that the citation was insufficient because its return day was less than four weeks from the date of its issuance. The citation was effectual for the following June Term. At this term the judgment was entered, when properly it should not have been entered until the next succeeding term.

On this question we conclude that the premature entry of the judgment was error only. The statute does not prohibit the entry of a judgment at the first term. The authorities seem to support the conclusion that such judgment is not void. Van Vleet on Coll. Att., sec. 710. See, also, Davis v. Robinson, 70 Texas, 394. The evidence offered, aided by the presumption due to a judgment on collateral attack, does not show an absence of the necessary publications prior to the entry of the judgment. The citation, if it had been admitted, did not suffice to show the judgment to be void, and there was no error in excluding the testimony.

It is also claimed that the constable's deed should not have been admitted, because it purports to have been made under an execution issued on a judgment rendered in favor of Jose Losano against Felix Reyes on August 5, 1890, when the judgment in evidence was rendered on August 9, 1890.

It appears from the testimony of the justice of the peace, that he issued an order of sale in said cause number 525, which was returned and filed in his office with the return of the officer thereon, and was since lost; that the order of sale was returned with the officer's return upon it, showing that the tract of land levied on by the writ of attachment had been sold. This evidence was sufficient to authorize the inference that the sale had been made under an order of sale and under the judgment in cause number 525, and that the designation of the writ as an execution and the date of the judgment as given in the constable's deed were mistakes.

It is also contended, that the levy of the writ of attachment was void, because made on the return day of the writ. It is held that in cases of execution that a levy may be made on the return day. Freem. on Ex., sec. 106. There can be no real difference in this respect between these classes of writs.

The defendant offered to prove, that at the time of the issuance and

levy of the writ and of the judgment and sale by the constable, the defendant in attachment was the head of a family, and with his family occupied the land in controversy as his homestead, and had designated the same as homestead and was claiming it as such.

It is well settled, that the foreclosure of an attachment does not adjudicate the homestead right unless that issue is raised in the suit in connection with which the attachment is foreclosed. 46 Texas, 479; 64 Texas, 315.

We believe this evidence should have been admitted. If it was a fact, that Reyes' interest in the property levied on was at the time of the levy and sale his homestead, the attachment did not create a lien on the property, and that fact alone would render the attachment and sale thereunder void. Inge v. Cain, 65 Texas, 80; Willis & Bro. v. Mike, 76 Texas, 82.

It is evident that no title would have passed to the plaintiff by the attachment proceedings if in fact the property was homestead, and the title to the property would have remained in Reyes and his representatives.

An outstanding title can be shown under a plea of not guilty. Assuming that Reyes was a married man and the property was his homestead, the defendant would not have acquired any title to it by the deed from the husband, but the defendant, who is a mere trespasser, may defend by showing a superior outstanding legal title.

For the error indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered March 14, 1894.

NOTE.—Since this opinion was delivered, our attention has been called to the case of Leonard v. Sparks, 22 Southwestern Reporter, 899, by which one of the important propositions in this opinion is supported and more thoroughly discussed.