MILLARD PATTERSON, GARNISHEE, v. O. G. SEETON.

Decided October 12, 1898.

**1. Disqualification of Judge—Garnishment.**

The fact that the trial judge is related to one who is impleaded as garnishee does not render him disqualified to try the main action, to which the garnishee is not a party.

**2. Citation—Service by Publication.**

Service of citation by publication for four consecutive weeks prior to the January term will authorize the rendition of judgment at the ensuing March term.

**3. Garnishment—Irregularities in Main Judgment.**

A garnishee can not take advantage of irregularities in the principal suit such as do not render the judgment therein void.

**4. Garnishment—Notice—Partnership.**

Where all members of a firm are parties to the main action, personal service of the garnishment notice on one of them is sufficient as to a debt owed to the firm by the garnishee.

**5. Practice—Assignment of Error.**

A cross assignment will not be considered where it was not filed in the court below.

APPEAL from El Paso. Tried below before Hon. A. M. WALTHALL.

*W. B. Brack,* for appellant.

*Falvey & Davis,* for appellee.

JAMES, CHIEF JUSTICE.—It appears that O. G. Seeton filed a suit numbered 2500 in the District Court of El Paso County on September

9, 1896, against H. L. Detwiler, T. N. Detwiler, and H. C. Park, as partners composing the firm of Detwiler Brothers & Park, and against H. C. Park, in reference to a partnership debt, as alleged, against said firm, as held by plaintiff Seeton. Personal service was had on one of the Detwilers, the other appeared as a party, and Park was cited by publication as a nonresident, which citation by publication was issued on December 5, 1896, requiring Park to appear on the first Monday in January, 1897, the fourth day thereof, the beginning of the January term. This citation appeared in the newspaper on the 6th, 13th, 20th, and 27th days of December, 1896, being published for twenty-eight days prior to the 4th of January. Judgment was not rendered until the March term, 1897.

At the time of filing said suit plaintiff sued out a writ of garnishment, the garnishee being Millard Patterson, this appellant, which was docketed as a separate suit, as the statute requires, and numbered on the docket 2501.

The cause No. 2500 was tried before Judge Buckler, a brother-in-law of Mr. Patterson, the latter having married the judge's sister.

The judgment rendered by Judge Buckler in No. 2500 does not in anywise adjudicate or attempt to adjudicate issues properly pertaining to the garnishment suit, and is shown by the following clause thereof:

"It is therefore ordered, adjudged, and decreed by the court that plaintiff O. G. Seeton do have and recover of and from defendants Detwiler Brothers & Park and H. L. Detwiler and T. N. Detwiler and H. C. Park the sum of $2267.55, with interest thereon from this date at the rate of 6 per cent per annum until paid, together with all costs in this behalf expended, including the sum of $50 allowed as attorney's fee to W. M. Coldwell for defending this suit; for all of which plaintiff may have his execution against said firm of Detwiler Brothers & Park, composed of H. L. Detwiler, T. N. Detwiler, and H. C. Park, and against H. L. Detwiler and T. N. Detwiler. No execution shall issue on this judgment against defendant H. C. Park individually; but as to said Park this judgment shall be satisfied only out of and to the extent of funds in the hands of or the indebtedness owed by garnishee Millard Patterson, that may belong or be due to said H. C. Park or Detwiler Brothers & Park, and shall not be collectable as against said H. C. Park for any balance that may be due on this judgment in case such funds or indebtedness shall not satisfy the same.

"It is further ordered that the officers of this court shall have and recover of each of the parties hereto, save and except defendant H. C. Park, the costs by them respectively incurred, for which they may have their execution."

Judgment was rendered against the garnishee, from which he appeals.

*Opinion.*—Proceeding to the assignments of error:

1. Was the judgment in No. 2500 void because rendered by the garnishee's brother-in-law? We think not. Mr. Patterson was not a party to said suit. Before the enactment of the statute requiring the garnish-

ment proceeding to be docketed separately, a trial in such cases was often a complex proceeding, involving the having of two distinct controversies, the garnishee having no concern with the main controversy. Evidently it was for the relief of parties as well as the convenience of the courts that the act referred to was passed. Its effect was to eliminate the garnishee from the main case.

That he is not in any sense a party to such case is evident when we bear in mind that he is not concluded by the judgment in respect to any issue he may properly raise, nor could such judgment so bind him if it professed to do so, nor would he be a proper party to an appeal from such judgment. He is not concerned in what may be adjudicated between the plaintiff and defendant, except to know that it is not a void judgment, and this issue he is always at liberty to raise in the garnishing proceeding, and it appears he has taken the precaution to do so in this instance; but in our opinion the judgment was not void by reason of garnishee's relationship to the judge.

2. It is also contended, by the second assignment of error, as rendering the judgment void, that service by publication was not perfected against H. C. Park in time to warrant the rendition of the judgment at the March term, 1897. As the citation was published for four weeks prior to the January term, and the case was tried at the March term, we perceive no defective service in this respect. We may add in passing, that there are cases holding a judgment rendered prematurely not to be void. Tobar v. Losano, 6 Texas Civ. App., 699, and cases cited.

3. The third and fourth assignments relate to alleged defects or irregularities in the preceeding in No. 2500, matters which do not render the judgment void, and therefore with which the garnishee has no concern. The parties thereto might have prevailed in such matters, but the judgment now concludes even them as it appears to be final and unappealed.

Under the fourth assignment appellant states that there was a difference between the statement of the case given in the publication and that in the petition. This is not embraced in any assignment, but is evidently relied on as showing inadequate service on Parks. If we should consider this at all, we think there is nothing substantial in the objection.

The subject of the sixth assignment is a matter determined by the judgment in the main action, and not an issue to be raised by the garnishee. We conclude further that there is no merit in the fifth assignment.

Having disposed of the several assignments, we will summarize our conclusions by stating that the judgment in No. 2500 was duly had upon proper citations, and is valid as to the defendant Park, who was cited by publication, because it makes no personal adjudication against him, but confines its operation to a fund in garnishment, and to that extent a judgment can properly be rendered on published service. The existence and extent of this fund the judgment leaves to be litigated in the separate

proceeding. The judgment in No. 2500 against Parks, to be made out of such fund, if at all, was within the jurisdiction of the court, and he is effectually concluded by such judgment and by the judgment in the garnishment proceeding.

In addition to this the judgment in this case, on an issue raised by the garnishees, adjudicates that the fund he held was due to the firm of Detwiler Bros. & Parks, and not to Parks individually. If in fact it was due to the firm and therefore property of the partnership, personal service on one of the firm, as was the case in No. 2500, was sufficient to subject it, without any service on Parks. It might have been necessary for the garnishee, in order to fully protect himself, to make Parks a party to the garnishment proceeding on the issue of whether it was money due Parks or to the firm, if Parks had not been cited in the main case. As, however, Parks was a party thereto, and plaintiff's judgment was against him as well as the others in reference to this fund, it seems to us that the garnishee is fully protected in either event.

Appellee has a cross-assignment complaining of that portion of the judgment which gives the garnishee a judgment against plaintiff for costs including the sum of $50 as attorney's fee and compensation for answering herein. We are of opinion that the garnishee having become a litigant concerning his liability in this case, and being unsuccessful, is liable for the costs, under the decisions in Moursund v. Priess, 84 Texas, 554, and Kelly v. Gibbs, 84 Texas, 143. To this extent the judgment will be reformed.

*Reformed and affirmed.*

### ON MOTION FOR REHEARING.

We are informed by this motion that we should not have considered appellee's cross-assignment. The record does not show that the cross-assignment was filed in the District Court, and there is no indorsement on appellee's brief showing a copy thereof to have been filed in the District Court; but it is apparent from an agreement among the papers that the brief of neither party was filed in that court. Rule 101 for District and County Courts. The cross-assignments should not have been considered. Therefore the reformation of the judgment by this court will be set aside, and the judgment of the District Court affirmed in all things. The motion for rehearing in other respects is overruled.

*Ordered accordingly.*

*Judgment affirmed.*

Writ of error refused.