### ODOM'S UNKNOWN HEIRS et al. v. CREWS et al.

(Court of Civil Appeals of Texas. San Antonio. Jan. 28, 1914.)

PROCESS (§ 106*)—PUBLICATION—LENGTH OF PUBLICATION—"FOUR WEEKS."

Under Rev. Civ. St. 1911, art. 1874, requiring citation of a nonresident defendant, whose residence is unknown, to be published once in each week for four consecutive weeks previous to the return day thereof, publication must exist for full 28 days before the return day.

[Ed. Note.—For other cases, see Process, Cent. Dig. § 133; Dec. Dig. § 106.*

For other definitions, see Words and Phrases, vol. 3, p. 2928.]

Appeal from District Court, Karnes County; F. J. Chambliss, Judge.

Action by W. C. Crews and others against the unknown heirs of Britton Odom and others. Judgment for plaintiffs, and defendants appeal. Reversed and remanded.

M. B. Little, of Karnes City, for appellants. L. H. Browne, of San Antonio, for appellees.

MOURSUND, J. Appellees on September 18, 1913, sued appellants to remove cloud from title to certain land. On the same date citation by publication was issued for

the purpose of summoning the defendants, who were nonresidents, and whose residence was unknown. This citation was published on September 19th, September 26th, October 3d, and October 10th, in the year 1913. Court convened on October 13, 1913, at which term the cause was continued, and thereafter citation for the unknown heirs of the parties defendant was issued, and duly published for more than eight weeks prior to the next succeeding term of court, which began on January 5, 1914. At the January term of court, the judgment appealed from was rendered, and it is now contended by appellants that the court erred in rendering judgment at said term of court. The contention is that, as the citation first above described was not published for 28 days prior to October 13, 1913, such publication was not complete, under article 1874 of the Revised Statutes of 1911, when the court convened, and therefore, under article 1905 (Statutes of 1911), the case should have been continued at the January term, 1914. The question is whether the publication required by article 1874 must exist for 28 full days prior to the return day, or whether the same is sufficient although only 23 days elapsed before the return day, provided one publication took place in each of the four weeks out of which said 23 days are taken.

The act of 1848 (Laws 1848, c. 95) provided: "That if the plaintiff, his agent or attorney shall, at the time of instituting suit, or at any time during the progress thereof, make affidavit before the clerk of the court, that the defendant is not a resident of this state, or that he is absent from this state, or that he is a transient person, or that his residence is unknown to the affiant, the clerk of the court shall issue a citation to the proper officer (which citation shall contain a brief statement of the cause of action), commanding the said officer to summon the defendant, by making publication of the citation in some newspaper published * * * in said county; but if not, then in the nearest county where a newspaper is published, for four weeks previous to the return day of such process."

The act of March 15, 1875 (Laws 1875, c. 111), contained the following provisions: "Be it enacted by the Legislature of the state of Texas, that any person made defendant to any civil suit, may be cited by publication upon the plaintiff, his agent or attorney making affidavit that the defendant is a transient person, that his residence is unknown, or that he is a nonresident of the state of Texas. That said citation may be published in any newspaper published in the county where the suit is pending, and if there be no paper published in said county, then it must be published in the nearest paper to the county seat where the suit is pending. Said citation shall be published for four weeks prior to the setting of the court, and no judgment shall be taken in said cause until the second term after the citation is served. The person publishing such notice shall make an affidavit showing the length of time he published the same, and the return of the officer making such service must show how he executed the same; provided, that service of certified copy of petition, by any person competent to make oath of the fact, upon any absent or nonresident defendant may be made outside of the limits of this state; and the oath of the party making such service shall be sufficient return. The return shall show when and where the said copy was delivered to the defendant." This act did not purport to amend or repeal any other act, but was merely entitled "An act prescribing the mode of service in certain cases."

On July 28, 1876 (Laws 1876, c. 60), an act was passed providing for the appointment of a commission to make a complete revision and digest of the laws of Texas, and report which statutes in their opinion ought, and which ought not, to remain in force, and suggest such omissions and contradictions as they should find in the statutes, and the mode in which they could be reconciled, supplied, or amended, and further providing: "They shall arrange under appropriate chapters and sections all the different acts and parts of acts relating to the same subject-matter which they shall deem ought to be continued or adopted, with such marginal and footnotes and explanations as they may deem essential to a clear understanding of the same; and shall execute and complete the revision in all respects in such a manner as in their opinion will render the general statutes most concise, plain and intelligible." This commission made a report calling attention to changes made in the law by their revision. In speaking of title 29, which embraced the laws relating to process, as as well as other matters of practice in the district and county courts, they said: "The statutes relating to the subject-matter of the above titles have been arranged under their appropriate heads, without change of verbiage, unless absolutely necessary to render the meaning clear." Sayles' Statutes 1888, vol. 2, p. 721. The report contains the statement (Sayles' Statutes 1888, vol. 2, p. 723) that the second section of the act of March 15, 1875, was amended in articles 1230 to 1234. These articles in the Statutes of 1879 correspond with articles 1869 to 1873 inclusive of the Statutes of 1911, and relate solely to service upon nonresidents by means of personal service. Article 1874, Statutes of 1911, now being construed, is an exact copy of article 1235 of the Statutes of 1879. Said article 1235 appears to have been based upon the act of 1848, and it seems not to have occurred to the commissioners that it was also an amendment of the act of March 15, 1875, as they do not include said article in the list of articles which they say are

amendments of that act, and in fact they make no comment whatever concerning said article 1235. In 1879 article 1235 was changed by using the word "successive" instead of "consecutive" in describing the time of publication, but in the revisions of 1895 and 1911 the codifiers again used the word "consecutive."

The act of 1848 also provided for citation by publication in suits against unknown heirs, and this portion was amended in 1866 (Laws 1866, c. 124). In each act it was provided that the publication in such cases was to be made "for eight weeks previous to the return day of such process." In the revision of 1879, article 1236 is based upon said act of 1866, the language being improved, and it is provided that the citation shall be published "once in each week for eight successive weeks previous to the return day of such citation." No comment is made by the commissioners in their report concerning article 1236.

At the time the commissioners drafted their revision of the statutes, the Supreme Court in several cases had construed statutes relating to publication of citations or notices.

In the case of Hill v. Faison, 27 Tex. 428, it was held that a statute requiring citation by publication issued by a justice of the peace to be published at least three successive weeks before the return day, required publication for 21 days, exclusive of the first day of publication and of the return day of the writ.

In Allen v. Wyser, 29 Tex. 153, citation by publication issued under the act of 1848, hereinbefore mentioned, was returnable on the fourth Monday in October, and the sheriff's return showed that it was executed by having the same published on the 16th day of September. The court said: "Publication of the process should have been made for four successive weeks previous to the return day." It appears that the court construed the law to mean "successive weeks," although said law did not so state, and also that the publication must take place each week.

In the case of Stephenson v. Railway Co., 42 Tex. 169, it was held that publication under the act of 1848, in a suit against a nonresident, must be for not less than 28 days between date of first publication and return day, and that publication in four weekly issues previous to the return day was not sufficient because extending over a period of less than 28 days.

In the case of Simpson v. Mitchell, 47 Tex. 572, section 230 of the act of August 15, 1870, requiring notice of application by a creditor to have a guardian sell real estate to be "published at least once a week for four weeks successively" was considered, and, as we understand the opinion, was held to require publication for 28 days before the date when the application should be passed upon by the court.

With these decisions before them, the commissioners, "learned in the law," having in mind their instructions to revise the statutes in such manner as would make the same "most concise, plain, and intelligible," appear to have written articles 1235 and 1236 of their revision so as to be concise and yet to clearly state the kind of publication required, as had theretofore been held by the courts to be meant by the acts relating to publication. In accordance with the construction placed upon the act of 1848 in the case of Allen v. Wyser, they expressed the idea that the weeks in which publication should be made must be successive by inserting the word "consecutive," and the idea that at least one publication must be made during each week of the four weeks by inserting the words "once in each week." They knew that the courts had held 28 full days to be the time meant by four weeks, and, if they had desired to change that requirement, it is reasonable to suppose that they would have called attention to such change in their report. We find nothing therein indicating any intention to change the law with respect to this matter, other than to make it "concise, plain, and intelligible," so that the necessary things to be done would appear from the statute and not have to be sought in the opinions of the Supreme Court. As "statutes regulating the general subject of notice are always to be construed, as respects the computation of time, most liberally in favor of the party who is to be affected by the notice which the statute provides," we hold that publication under article 1874 must be made for 28 days, exclusive of the date of the first publication and of the return day, and that the words "once in each week" are merely descriptive of the manner in which the publication must be made. The language is susceptible of such construction, and the commissioners who first used the same did not intend to express a different meaning.

We have considered this question as an original proposition only in deference to appellees' earnest contention that the question has never been directly passed upon by our courts. While we find no case in which the question herein raised has been discussed, we find several cases in which the courts have adopted without hesitation the construction we place upon said statute. This fact in itself shows that the statute is susceptible of the construction placed thereon by us, and that such interpretation is the natural and correct one in view of the rule of law above stated, which favors the construction most beneficial to the person to be notified.

Our Supreme Court, in the case of Davis v. Robinson, 70 Tex. 397, 7 S. W. 749, stated the law in accordance with the conclusion arrived at by us. Appellees say that the decision of the question was not necessary in that case, and that the change in the law was probably not called to the attention of the court; yet the court considered the direct

question, stating: "The law requires that the citation shall be published 'once in each week for four successive weeks previous to the return day thereof.' We are of the opinion the proper construction of the law is that the publication shall be for full 28 days before return day, once in each week, for four successive weeks."

In the cases of Tobar v. Losano, 6 Tex. Civ. App. 698, 25 S. W. 973, Blackman v. Harry, 35 S. W. 290; Patterson v. Seeton, 19 Tex. Civ. App. 430, 47 S. W. 732; Irion v. Bexar County, 26 Tex. Civ. App. 527, 63 S. W. 550, this court held that publication of a citation such as was had in this case, although not complete for the term to which returnable because not covering 28 days, was good for the next term of court. See, also, Eels v. Blair, 60 S. W. 462.

In 1897 the Legislature provided for citation in tax suits against nonresidents and unknown owners being published "one time a week for three consecutive weeks." We find no case construing the quoted words.

The bar of Texas has apparently taken for granted that the construction given in the case of Davis v. Robinson settles the law regarding the time of publication, and questions like the one raised in this case have been avoided by not taking judgment until authorized under the rule laid down in said case. In support of the conclusion reached by us, we cite also the following cases from other states. Young v. Downey, 150 Mo. 317, 51 S. W. 751; Loughridge v. City of Huntington, 56 Ind. 253; Bank v. Bank, 89 N. Y. 398.

The case of Ronkendorff v. Taylor, 4 Pet. 348, 7 L. Ed. 882, relied upon by appellee, construes an act of Congress which required the collector to give public notice once a week for three months. It was admitted that the publication extended over the full period of 3 months, but intervals of 11, 10, and 8 days occurred between publications. The publication was held sufficient on the ground that it was not required to be made on any particular day of the week; that a week is a definite period of time commencing on Sunday and ending on Saturday, and, the notice having been published once during each of the weeks of the three months, the law was complied with. The point decided in that case is not before us in this case, and we do not regard said case as in conflict with the conclusion arrived at by us.

In the case of Alexander v. Alexander, 26 Neb. 68, 41 N. W. 1065, the court construed a law authorizing a probate notice to be given by publication in such newspaper as the judge shall direct, "three weeks successively" previous to the time appointed for consideration of the matter, and held that publications on the 12th, 19th, and 26th days of November were sufficient, although the hearing was set for November 28th. The language is different from that of our statute, and, we think, is much more susceptible of the construction given it by the court than is our statute of being construed in accordance with appellees' views.

Because the judgment was prematurely rendered, the same is reversed, and the cause remanded.