## CONTINENTAL STATE BANK v. TURNER et al. ( No. 588.)*

Court of Civil Appeals of Texas. Waco.
Dec. 1, 1927.

Rehearing Denied Jan. 5, 1928.

1. Master and servant ⬅➡80(4)—Petition alleging plaintiffs' employment as carpenters at agreed rate for named time, and that defendant refused to pay held good on demurrer.

Petition alleging that plaintiffs were employed by defendant to perform labor as carpenters in construction of fairgrounds, that defendant agreed to pay them named rate per day, and they labored 42 days, that account was past due and unpaid and defendant refused to pay any part thereof, *held* sufficient to state cause of action as against a general demurrer.

2. Garnishment ⬅➡124—Where trial court has jurisdiction, garnishee cannot question conclusiveness of judgment against original defendants unless it is void.

Where trial court has jurisdiction of defendants in main suit, garnishee cannot question conclusiveness of judgment against original defendants unless it is void.

⬅➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed.

**3. Garnishment &cecil;89—Bond in garnishment proceeding was not insufficient because it did not designate number of original cause.**

Bond in garnishment proceeding, filed in case on same day that plaintiffs' original petition was filed and on day that application for garnishment was filed describing original suit as having been brought by plaintiffs against named defendant was sufficient, though it failed to state the number of the original cause.

**4. Judgment &cecil;17(11)—Service of garnishment writ on bank by delivering copy to its cashier held sufficient to support default judgment (Rev. St. 1925, art. 2029).**

Service of writ of garnishment on a state bank by delivering a copy of the writ to its cashier was sufficient service on bank within Rev. St. 1925, art. 2029, to support a judgment by default in the garnishment proceeding.

**5. Banks and banking &cecil;116(1)—Notice to bank's cashier is notice to bank in matters relating to bank's business.**

Notice to the cashier of a bank is notice to the bank in all matters relating to the business interests of the bank.

Appeal from Limestone County Court, H. F. Kirby, Judge.

Action by W. R. Turner and others against the Limestone County Fair Association, a corporation, in which the Continental State Bank was made a garnishee. Default judgment was entered against the defendant and the garnishee, and the latter appeals. Affirmed.

Lewis M. Seay, of Groesbeck, for appellant.

L. E. Eubanks, and Ira Lawley, both of Groesbeck, for appellees.

BARCUS, J. Appellees instituted suit against the Limestone County Fair Association, a corporation, and at the same time filed a garnishment suit against appellant. No answer was filed by any of the parties, and judgment by default in each of the suits was rendered for appellees for $336. The Limestone County Fair Association did not appeal. This appeal is from the judgment rendered against the garnishee.

[1, 2] Appellant by its first proposition contends that the judgment rendered in the main suit is void because the plaintiffs' petition did not state a cause of action, and that by reason thereof the judgment against it in the garnishment proceeding is also void. We overrule this contention. Appellees in their original petition alleged, in effect, that they were employed by the Limestone County Fair Association to perform certain labors as carpenters in the construction of the fairgrounds; that said corporation agreed to pay them $8 per day, and that they labored a total of 42 days; that said account was past due and unpaid; and that the defendant corporation had refused to pay any part thereof, to their damage in the sum of $336. As against a general demurrer, we think the petition was sufficient. The rule seems to be well established that, where the trial court has jurisdiction of the defendants in the main suit, the garnishee cannot be heard to question the conclusiveness of the judgment rendered against the original defendants, unless same is absolutely void. Patterson v. Seeton, 19 Tex. Civ. App. 430, 47 S. W. 732; Gerlach Mercantile Co. v. Hughes-Bozarth-Anderson Co. (Tex. Civ. App.) 189 S. W. 784; Sun Mutual Ins. Co. v. Seeligson, 59 Tex. 3; Nesom v. Bank (Tex. Civ. App.) 174 S. W. 715; Kelly v. Gibbs, 84 Tex. 143, 19 S. W. 380, 563.

[3] By its second proposition appellant contends that there was no sufficient bond filed in the garnishment proceeding because the same was not properly identified, in that it failed to designate the particular cause in which it was filed, the number of the original cause not having been stated therein. We overrule this contention. It is not essential that the bond in garnishment contain the number of the original suit. The bond in garnishment filed in this case was filed on the same day that plaintiffs' original petition was filed, and on the same day that the application for garnishment was filed, and it described the original suit as having been brought by the appellees, naming each of the three appellees, against the Limestone County Fair Association. We think the bond sufficiently described the original cause to show without any doubt that the same was filed in connection therewith and as a part of the pleadings and papers.

[4, 5] Appellant by its third and last proposition contends that the judgment by default in the garnishment proceeding against it was unauthorized because of the insufficiency of the service of the writ of garnishment upon it. The record shows that the writ of garnishment was served upon the Continental State Bank by delivering a copy of the writ to A. M. Beaman, its cashier. Appellant contends that service on a bank cannot be had by serving its cashier, since, under article 2029 of the Revised Statutes, service of citation on a corporation can only be had by serving the president, secretary, or treasurer of such company or the local agent in the county where the suit is brought, and that the cashier is not necessarily either the president, secretary, treasurer, or local agent of a bank. This question has been decided adversely to appellant's contention. Rosenberg v. First Nat. Bank (Tex. Civ. App.) 27 S. W. 897; First Nat. Bank v. Kerr (Tex. Civ. App.) 225 S. W. 1106; Memphis Cotton Oil Co. v. Gist (Tex. Civ. App.) 179 S. W. 1090. Our courts hold that notice to the cashier of a bank is notice to the bank in all matters relating to the business interests of the bank.

---

&cecil;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Hewitt v. First Nat. Bank, 113 Tex. 100, 252 S. W. 161; City Nat. Bank v. Greene (Tex. Civ. App.) 279 S. W. 893; Stone v. Adams Nat. Bank (Tex. Civ. App.) 263 S. W. 1112.

We have examined all of appellant's assignments of error, and same are overruled. The judgment of the trial court is affirmed.