A. M. COHEN, Alpha Enterprises, Inc. and H. R. Gibson, Sr., Appellants,

v.

ADVANCE IMPORTS, INC., Appellee.

No. 20129.

Court of Civil Appeals of Texas, Dallas.

March 5, 1980.

Rehearing Denied March 5, 1980.

Bardwell D. Odum, John M. Gillis, Dallas, for appellants.

Jack N. Price, Austin, for appellee.

Before GUITTARD, C. J., and ROBERTSON and STOREY, JJ.

GUITTARD, Chief Justice.

In this suit for conversion and conspiracy, the trial court rendered judgment for plaintiff Advance Imports, Inc., against defendants A. M. Cohen, Alpha Enterprises, Inc. and H. R. Gibson, Sr., for actual and exemplary damages, and defendants appeal. The principal question is whether there is any evidence to support the jury's finding of conversion. Appellants contend that there is no evidence of any unlawful detention of plaintiff's goods because at the time of the alleged conversion defendants Cohen and Alpha had been served with writs of garnishment which prevented their delivery of the goods to plaintiff. We agree with this contention, and, accordingly, we reverse the judgment of the trial court and render judgment for defendants.

The evidence shows that plaintiff Advance Imports, Inc., a New York corporation, was engaged in the business of importing and distributing Christmas decorations. Defendant Cohen was in the business of acting as agent in the sale of such merchandise, and he was president and chief stockholder of Alpha Enterprises, Inc., which operated a warehouse in Houston. Cohen made an arrangement with plaintiff Advance Imports to sell its goods in Texas and elsewhere. Among the customers for plaintiff's goods were the Gibson retail stores, which had been founded by defendant H. R. Gibson, Sr., and which, at the time of trial, were owned by corporations controlled by members of Gibson's family.

The goods in question were shipped by Advance Imports to Houston and were stored in the Alpha warehouse. A controversy arose between Advance Imports and defendant Gibson concerning a fee claimed by Gibson in connection with sales by Ad-

vance Imports to the Gibson stores. This controversy led to litigation in a district court of Dallas County, in which Gibson caused a writ of garnishment to be served on Alpha Enterprises. While that litigation was pending, two other pre-judgment writs of garnishment, those now in question, were issued and served on Alpha Enterprises. One was issued by a justice of the peace of Dallas County in a proceeding ancillary to a suit brought by Gibson Products of Garland, Inc., against Advance Imports on a claim for $198.12. The other was issued by a justice of the peace of Grayson County in a proceeding ancillary to a suit brought by Gibson Products Co., Inc., of Sherman on a claim for $192.48. In both of these suits judgments were rendered against Advance Imports by default, but Advance Imports filed bonds for appeal and trial de novo.

Gibson's suit in the district court of Dallas County was tried in May 1974 and resulted in a judgment in favor of Advance Imports. Counsel for Advance Imports then wrote a letter to Cohen stating that if the merchandise belonging to Advance Imports should not be redelivered to Advance Imports within ten days, suit would be filed for wrongful conversion. Cohen replied by letter dated June 12, 1974, stating that he had been advised by his attorney that he would be in contempt of several courts if he returned the merchandise "which has been garnisheed by more than one court in the State of Texas." On June 20, 1974, the district court of Dallas County signed an order setting aside its writ of garnishment and directing Alpha Enterprises to redeliver the goods in question to Advance Imports.

No such delivery was made, and Advance Imports filed the present suit on August 5, 1974. The trial was to a jury. In answer to the first special issue, the jury found that the failure of defendants Cohen and Alpha Enterprises to deliver the merchandise in question to Advance Imports on or after June 20, 1974, amounted to conversion of the merchandise. The jury also found that the value of the merchandise was $34,-516.10, that Cohen and Alpha acted with malice, that they acted in conspiracy with the defendant, H. R. Gibson, Sr., that Gib-

son also acted with malice, and that exemplary damages of $55,000 should be awarded. The trial court rendered judgment against all three defendants, jointly and severally, for the actual and exemplary damages found by the jury. All defendants have appealed.

Defendants contend that the trial court erred in rendering judgment against them based on conversion, as found by the jury, because the detention of plaintiff's goods after June 20, 1974, was justified by the outstanding writs of garnishment in the justice court proceedings. The question is whether the writs of garnishment issued by the justice courts in Dallas and Grayson Counties, as a matter of law, justified Cohen in detaining the goods after June 20, 1974, when the writ of garnishment from the district court of Dallas County was set aside.

█ We hold that Cohen and Alpha were justified as a matter of law in detaining the goods because they were required by law to hold them until disposition of the garnishment proceedings. Article 4084, Tex.Rev.Civ.Stat.Ann. (Vernon 1966), expressly provides: "From and after the service of such writ of garnishment, it shall be unlawful for the garnishee to pay to the defendant any debt or to deliver to him any effects . . . ." Rule 670, Tex.R.Civ.P., provides that if the garnishee fails to deliver the defendant's effects to the officer on demand, and does not show a good excuse for such failure, he may be fined for contempt and imprisoned until he makes such delivery. Consequently, detention of the goods by Cohen and Alpha after service of the writs of garnishment cannot form the basis of an action for conversion.

Plaintiff argues that the writs no longer had any effect because of the appeals in the principal suits. No Texas authority is cited in support of this contention, and we have found none. We recognize that the judgments of the justice courts in the principal suits were vacated when the appeal bonds were filed. As plaintiff points out, the main suit in Grayson County was appealed

to this court from the county court at law, and we explicitly held that the judgment of the justice court was vacated when the bond was filed. *Advance Imports, Inc. v. Gibson Products Co.*, 533 S.W.2d 168, 170 (Tex.Civ.App.—Dallas 1976, no writ). Nevertheless, the writs of garnishment were not based on judgments, since they were pre-judgment writs issued when the main suits were filed. We need not decide whether the writs of garnishment remained in effect pending the appeals to the county courts at law in the main suit or after judgments were rendered in the garnishment proceedings. These are difficult legal questions to which no clear answers are provided by Texas law. Indeed, Advance Imports resorts to decisions from other jurisdictions to support its contention that the appeals in the main suits had the effect of discharging the writs.

■ We conclude that the garnishee was not required to resolve these questions. Ordinarily, a garnishee is not interested in the principal controversy and is not even a party to the main suit. *Carlton v. Hoff*, 292 S.W. 642, 647 (Tex.Civ.App.—Eastland 1927, no writ); *Patterson v. Seeton*, 19 Tex. Civ.App. 430, 47 S.W. 732, 733 (1898, writ ref'd). After the service of the writ, he acts at his peril in delivering goods or paying money to the defendant in the main suit. *Westridge Villa Apartments v. Lakewood Bank & Trust Co.*, 438 S.W.2d 891, 894 (Tex.Civ.App.—Fort Worth 1969, writ ref'd n. r. e.); *Pure Oil Co. v. Walsh-Woldert Motor Co.*, 36 S.W.2d 802, 805–06 (Tex.Civ. App.—Texarkana 1931, writ dism'd). If he does so, he may be liable to the garnishor for conversion. *Holloway Seed Co. v. City Nat'l Bank*, 92 Tex. 187, 47 S.W. 95, 97–98 (1898); *McClung v. Watson*, 165 S.W. 532, 536 (Tex.Civ.App.—Amarillo 1914, no writ). If we accept the argument of Advance Imports, the garnishee would also act at his peril if he obeys the writ and retains the goods or money that he is otherwise bound to deliver or pay over to the defendant in the main suit. He would have to make repeated investigations of the proceedings in the main suit, to which he is not a party, and seek legal advice in order to determine whether he should still hold the goods or the money; otherwise, he might be liable for conversion because of his obedience to the commands of the writ. In our view, a disinterested third party should not be subjected to such a double peril. Therefore, we hold that when, as in this case, a valid writ of garnishment has been served, the garnishee's duty is to hold the goods of the defendant until the writ is quashed or dissolved by an explicit order of the court that issued it or some higher court acting in its stead. Until the garnishee has notice of such an order, his detention of the goods cannot render him liable for conversion.

■ Advance Imports also argues that since the amounts claimed in each of the justice court suits was less than two hundred dollars, Alpha Enterprises was not justified in holding all the merchandise, which the jury found to be worth $34,516.10, to protect it against liability which could not exceed four hundred dollars, in any event. We disagree. A garnishee has no duty to make an appraisal of goods in its possession to determine how much will be required at a sheriff's sale to satisfy a possible judgment against the principal debtor. Article 4084 expressly prohibits the garnishee from delivering to the defendant "any effects." His compliance with this express prohibition cannot render him liable for conversion.

■ Conceivably, a garnishee may be liable for conversion if he colludes with the garnishor in a wrongful garnishment. In the present case, Advance Imports charges all defendants with conspiracy to detain the goods, but there are no jury findings establishing the elements of a cause of action for wrongful garnishment based on issuance of the writs by the justice courts in Dallas and Grayson Counties. Consequently, the judgment cannot be supported on that ground.

■ Since we hold that there is no evidence to support the jury's finding in answer to the first special issue that Cohen and Alpha Enterprises converted the merchandise in question after June 20, 1974, the judgment is reversed, and judgment is here rendered that plaintiff take nothing against

them. The judgment against Gibson is based on the finding that Cohen and Alpha conspired with Gibson to convert the merchandise. Since we find no evidence of a conversion by Cohen and Alpha, the judgment against Gibson is also reversed, and judgment is rendered that plaintiff take nothing against him.

Our original opinion is withdrawn, this opinion is substituted, and the motion for rehearing is overruled.