NO. 07-06-0378-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 31, 2007
_____

HERIBERTO TORRES, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 64TH DISTRICT COURT OF HALE COUNTY;

NO. A15566-0407; HON. ROBERT W. KINKAID JR., PRESIDING
_____

Before CAMPBELL, HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant Heriberto Torres filed a notice of appeal following the adjudication of his guilt for the offense of aggravated assault causing serious bodily injury and the imposition of a 10-year sentence in the Institutional Division of the Texas Department of Criminal Justice and accompanying fine, fees and restitution. Agreeing with appointed counsel's conclusion the record fails to show an arguable basis for appeal, we affirm the judgment and grant counsel's motion to withdraw.

Appellant was indicted for the offense of aggravated assault causing serious bodily injury. In September 2004, appellant entered a plea of guilty to the offense. The trial court deferred adjudication of guilt for a period of five years conditioned on appellant's compliance with terms set by the court.

In April 2005, the State filed its motion to proceed with adjudication of appellant's guilt on the original charge. The motion alleged six separate violations of the terms of his community supervision. Appellant entered a plea of true to all of the allegations in the State's motion. At the conclusion of the May 23, 2005 hearing, the trial court found appellant should be continued on community supervision and that the terms of such supervision should be modified.

In April 2006, the State filed a second motion to proceed with adjudication of appellant's guilt on the original charge. The motion alleged five separate violations of the terms of his community supervision. Appellant entered a plea of true to all but one of the allegations in the State's motion. At the conclusion of the September 18, 2006 hearing, the trial court found appellant had violated the conditions of his community supervision, adjudicated appellant guilty of the original charge, and sentenced him to 10 years in the Institutional Division of the Texas Department of Criminal Justice and ordered him to pay a fine, fees, and restitution.

Appellant's counsel has filed a brief stating that he has carefully reviewed the record in this case and concludes there is no reversible error and that the appeal is frivolous. *See Anders v. California*, 386 U.S. 738, 744-45 (1967). Counsel has also filed a motion to

withdraw in the case and, by letter, informed appellant of his right to file a pro se brief. *Johnson v. State*, 885 S.W.2d 641, 646 (Tex.App.–Waco 1994, pet. ref'd). By letter dated December 11, 2006, this court also notified appellant of his opportunity to submit a response to the *Anders* brief and motion to withdraw filed by his counsel, granting him until January 10, 2007, to do so. This court's letter also reminded appellant to contact his counsel if he needed to review any part of the appellate record to prepare a response. Appellant has not filed a brief or other response.

A defendant placed on deferred adjudication community supervision may raise issues relating to the original plea proceeding only in an appeal taken when deferred adjudication community supervision is first imposed. *Davis v. State*, 195 S.W.3d 708, 711 (Tex.Crim.App. 2006); *Manuel v. State*, 994 S.W.2d 658, 661-62 (Tex.Crim.App. 1999). No appeal may be taken from the trial court's decision to proceed with adjudication of guilt on a deferred adjudication. *Phynes v. State*, 828 S.W.2d 1, 2 (Tex.Crim.App. 1992); *Hargrave v. State*, 10 S.W.3d 355, 357 (Tex.App.–Houston [1st Dist.] 1999, pet. ref'd). Appellant did not perfect appeal from the order deferring adjudication. After an adjudication of guilt, appeal may be brought challenging issues arising at the subsequent punishment hearing. *Kirtley v. State*, 56 S.W.3d 48, 51 (Tex.Crim.App. 2001).

Our review of counsel's brief and the record convinces us that appellate counsel conducted a thorough review of the record. We also have independently examined the entire record in the case to determine whether there are any non-frivolous grounds which might support the appeal. *See Penson v. Ohio*, 488 U.S. 75 (1988); *Stafford v. State*, 813

3

S.W.2d 503, 511 (Tex.Crim.App. 1991). We have found no such grounds. After reviewing the record before us and counsel's brief, we agree with counsel that the appeal is frivolous. *See Bledsoe v. State*, 178 S.W.3d 824 (Tex.Crim.App. 2005).

Accordingly, counsel's motion to withdraw is granted[1] and the judgment is affirmed.

James T. Campbell
Justice

Do not publish.

---

[1] In granting counsel's motion to withdraw, however, we remind counsel of the "educational" duty to inform appellant of his right to file a pro se petition for discretionary review in the Court of Criminal Appeals. *Ex parte Owens*, 206 S.W.3d 670 (Tex.Crim.App. 2006).