## D. HAVERTY AND OTHERS v. THE STATE.

1—A bail bond taken by a sheriff was not endorsed or filed at the proper time, but remained in his hands until after judgment *nisi* was entered against the makers. At the next term the bond was produced in court by the counsel for the State, and was identified by evidence; and, thereupon, the court ordered it filed *nunc pro tunc* as of the preceding term, at which the judgment *nisi* had been taken. Judgment final being rendered, the makers of the bond appeal. *Held*, on the authority of Slocumb v. The State, 11th Texas, 15, that the judgment should not be disturbed.

2—Bail have no right to have their trial on the *scire facias* postponed until their principal be tried on the indictment, although he is then in custody and demanding a trial; but if the accused be acquitted on the indictment, the court below may properly take that fact into consideration in the exercise of its discretionary power to "remit the whole or part of the sum specified in the bond or recognizance," conferred by Art. 415 of the Code of Criminal Procedure (Paschal's Digest, Art. 2886).

APPEAL from Nueces. Tried below before the Hon. J. B. Hurd.

This was an appeal by Haverty and his sureties from a final

judgment on a forfeited bail bond.  The material facts appear in the opinion of the court, and are discussed with greater detail by counsel for the appellants—wherefore, there is no occasion to repeat them here.

*Pryor Lea*, for the appellants.—1.  Appellants submit, that the District Court erred in giving the final judgment, because on their first showing the court should have given judgment for them in relief, or granted their application for a continuance.

At the April term (1869) the State obtained judgment against appellants for one thousand dollars and costs, the court remitting four thousand dollars of the amount of five thousand dollars, for which there appeared to be a *nisi* judgment, rendered at the October term (1868), on account of the failure of Daniel Haverty to appear at that term to answer a charge of swindling, the State claiming that Haverty had given bond with sureties for his appearance.  *Scire facias* had been issued, on the supposed *nisi* judgment, against the sureties, and they had been cited.

At the next term after the *nisi* judgment the principal, Daniel Haverty, appeared for the purpose of answering the charge against him.

On the appearance of the principal, he and his sureties made their first showing to the court, under Art. 413 of the Code. They showed, by affidavit of Haverty and his physician, that he had failed to attend at the preceding term on account of his indisposition at Chicago, Illinois, which was the place of his residence.

On this showing they moved that the *nisi* judgment be set aside, and that the parties have their previous relations, the principal asking for a trial on the indictment against him.

The application was resisted on part of the State by a replication, which controverted the truth of the showing made by Haverty and sureties, and referred to affidavits that do not appear in the transcript.

When the case of the State against Daniel Haverty was called, he submitted himself to the action of the court and claimed a trial on the indictment against him, but the defendants to the *scire facias* refused to announce themselves ready for trial, and a question arose as to the branch of the case to be first considered. The court gave preference to that of the *nisi* judgment; and to this ruling the appellants then excepted.

Thereupon the appellants, without announcing themselves ready for trial on the *scire facias*, offered to submit their application, under Arts. 413 and 415 of the Code, that the forfeiture be set aside. But the court declined to act on the application until the *scire facias* and answer thereto should have been tried—the appellants objecting to such proceedings, and taking exception thereto.

Appellants submit that the District Court did not have a discretion that could mulct the principal and sureties in $1000 under the circumstances above presented.

Under Art. 416 of the Code, there is a conditional right to complete exoneration on two conditions : Trial on the charge of crime, and sufficient cause of previous absence of the accused. The judgment in question was given without trial of the accused, although he was asking for it, and without allowing him and his sureties an opportunity to procure legal evidence from Chicago, Illinois, that the accused was sick at that place and unable to attend the court at the previous term. The State claimed delay of the trial as to the criminal charge, but pressed the claim of forfeiture until it was fixed by the judgment. There the State was ready on the criminal charge, and the accused was acquitted. Such a practice looks like seeking money rather than justice, and at the sacrifice of the public policy of the law for bail. This law harmonizes three principal considerations : Trial, humanity and economy. But the proceeding against Haverty and sureties is calculated to deter all persons from becoming bail for an accused person, and especially for one residing beyond the bounds of the State— with the consequence of imprisonment, which is fraught with

peril of public justice and of violent sacrifice of the accused, and with certainty of grievous sufferings and expenses. The court inverted the proper order of proceeding. The accused should have been first tried, and then the judgment *nisi* would have been in order for consideration.

*E. B. Turner*, Attorney General, for the State.

WALKER, J.—This is a proceeding on a forfeited bail bond, taken by the sheriff of Nueces county during the vacation of the District Court. The bond was not indorsed or filed at the proper time, as it should have been, but remained in the keeping of the sheriff until a judgment *nisi* had been entered against the principal and his sureties. The bond was afterwards produced by the district attorney *pro tem.*, and evidence offered to identify it. The appellants never denied its execution. At the April term, 1869, the court ordered that it be filed *nunc pro tunc*, as of the October term, 1868.

Appellants complain that their motion for a continuance at the April term, 1869, was overruled, and that they were not granted a new trial. And they complain that they were forced to trial on the forfeiture before the principal was tried on the indictment, alleging that he was in custody and demanding a trial.

There are some things in this record which have put the court upon sharp inquiry; but we are unable to find anything on which we think it safe or proper to reverse the judgment. We, however, can see no disposition on the part of the court below to oppress the appellants. The judge had been of counsel for the principal, Haverty, in the criminal case, and the appellants insist that he was thereby disqualified from sitting in the case at bar. We think not, and this objection, if made at all, would have come more naturally from the State.

We are free to confess that upon one point in this case—the filing of the bond *nunc pro tunc*, to support a judgment already rendered by the court at a preceding term—we might

have come to a different conclusion but for the authority of Slocumb v. The State, 11 Tex., 15, where we find that the questions upon which we had the most difficulty are no longer *res non adjudicata.* The fact appearing that Haverty was tried and acquitted upon the charge of swindling is a circumstance which, we think, the district judge properly considered in the exercise of his discretion by reducing the judgment from five thousand dollars to one thousand. He might have remitted the whole amount; but we think he did well not to set such a precedent. We can easily imagine cases in which, were this the practice, parties would keep out of court until the State's witnesses died or got out of the reach of process, allowing their bonds to become forfeit, and then, confident of an acquittal, come in and demand a trial, and appeal to the court to remit the judgment on their bond.

We would not recommend a practice which would lead to this abuse.

The judgment below is affirmed.

Affirmed.