[S. F. No. 168.    Department Two.—December 19, 1895.]

In the Matter of the Estate of HIRAM ARTHUR PEARSONS, Deceased.

Estates of Deceased Persons—Succession—Next of Kin of Decedent —Aunts and Uncles of Whole Blood — Construction of Code.— Under subdivision 6 of section 1386 of the Civil Code, which provides that "if the decedent leave neither issue, husband, wife, father, mother, brother, nor sister, the estate must go to the next of kin in equal degree," the next of kin in equal degree, in such case, are the aunts and uncles of the decedent, and, if they are of the whole blood, the estate must go to them in equal shares, regardless of the source from which the estate was derived.

Id.—Blood of First Purchaser Applicable only to Kindred of Half Blood.—Section 1386 of the Civil Code has no allusion to the blood of the first purchaser, and makes no attempt at any distinction founded upon the sources from which the estate of the decedent may have been derived; and section 1394, which deals entirely with cases of kindred of the half blood, does not qualify or change the rule of section 1386, respecting kindred of the whole blood, who, if next of kin, share in all the estate of the decedent, no matter from what source it comes.

Appeal from an order of the Superior Court of the City and County of San Francisco making partial distribution of the estate of a deceased person. J. V. Coffey, Judge.

The facts are stated in the opinion of the court.

*Isaac N. Thorne,* and *Oliver P. Evans,* for Appellants.

The heirs at law and next of kin being three brothers and two sisters of the intestate's mother, and two sisters of the intestate's father, the whole estate, without reference to the source from which it was derived, should be divided into seven equal parts, and each uncle and aunt take one-seventh. (Civ. Code, sec. 1386.) The heirs are all in the same degree of kindred, viz., the third degree. (Civ. Code, sec. 1393.) The rule of descents is regulated by statute. Section 1386 of the Civil Code is our modified and statutory substitute for the sixth common-law rule of descents as given by Blackstone. (2 Blackstone's Commentaries, 224.) Section 1394 of the Civil Code relates solely to kindred of the

half blood, and restricts their rights in particular cases; but does not enlarge them in any case, and is entirely silent and inoperative as to kindred of the whole blood, leaving them to be governed by section 1386, subdivision 6. (*Estate of Kirkendall*, 43 Wis. 167; *Robertson* v. *Burrell*, 40 Ind. 328; *Pond* v. *Irwin*, 113 Ind. 243; *Ryan* v. *Andrews*, 21 Mich. 229.) The word "unless" as used in section 1394 of the Civil Code is equivalent to "except." (*Wilson* v. *Smith*, 3 Burr. 1550; *Estate of Kirkendall, supra.*)

John B. Mhoon, for Respondent.

"Half blood" is a relationship (kindred) through only one parent, the father or mother. (Bouvier's Law Dictionary, Titles; *Baker* v. *Chalfant*, 5 Whart. 477.) The civil law supplies the rule under which descents are computed in California. (*People* v. *De la Guerra*, 24 Cal. 73.) Section 1386, subdivision 6, of the Civil Code, does not alone constitute the rule of distribution for these heirs, but must be construed together with section 1394 of the Civil Code, which modifies section 1386 with reference to the origin of the estate, when it has been acquired in a specified manner. (*Estate of Kirkendall*, 43 Wis. 167; *Ryan* v. *Andrews*, 21 Mich. 229; *Rowley* v. *Stray*, 32 Mich. 70; *Robertson* v. *Burrell*, 40 Ind. 328; *Speer* v. *Miller*, 37 N. J. Eq. 492.) The rule prescribed by the statutes for regulating the succession to an ancestral estate may be said, speaking generally, to be, that it shall descend only to those collaterals or ascendants who are of the blood of the person from whom the estate came. (24 Am. & Eng. Ency. of Law, 399; *Vaughan* v. *Jones*, 23 Gratt. 444; *Crowell* v. *Clough*, 23 N. H. 207; *Renfroe* v. *Taylor*, 12 B. Mon. 402; *De Castro* v. *Barry*, 18 Cal. 97; *Estate of Donahue*, 36 Cal. 329.)

McFARLAND, J.—This is an appeal by Ira Mathewson, Daniel Mathewson, Henry Mathewson, Rhoda Smith, and Lucy A. Angell from parts of an order of

partial distribution of the estate of Hiram Arthur Pearsons, deceased.

Although said deceased left a will, the part of his estate here in question is, for reasons not necessary to be stated, to be distributed as though he had died intestate. His next of kin of equal degree are aunts and uncles, and are the appellants, who are sisters and brothers of the decedent's mother, Ann Charity Pearsons, and Clarissa P. Wheeler and Lucy A. Valentine, who are sisters of the decedent's father, Hiram Pearsons. (Lucy A. Valentine being now dead, her estate and interests are represented by her administrator, Joseph W. Reay.) The greater part of the estate to be distributed came to the deceased, Hiram Arthur Pearsons, by gift and devise of his father, Hiram Pearsons, deceased; while a lesser part came to him from his mother, Ann Charity Pearsons. The probate court held that all of said estate which came from the father should be distributed to said Clarissa P. Wheeler and the administrator of said Lucy A. Valentine; and that the appellants should share only in that part of the estate which came to the deceased from his mother. Appellants contend that the whole of the estate of the deceased should be distributed equally to all the aunts and uncles. This contention presents the only question to be determined on this appeal, and it appears to us quite clear that it must be sustained.

The rule which governs here is the one declared in subdivision 6 of section 1386 of the Civil Code, and is as follows: " If the decedent leave neither issue, husband, wife, father, mother, brother, nor sister, the estate must go to the next of kin in equal degree." In the case at bar " the next of kin" were the seven aunts and uncles of the decedent and they were " in equal degree"; therefore the estate goes to them in seven equal parts. Next of kin means, of course, next of kin *of the decedent.* Our code has no allusion to "the blood of the first purchaser," and makes no attempt at any distinction founded upon the sources from which the estate of

a decedent may have been derived—except in the single instance of kindred of the "half blood." But no question of the rights of kindred of the half blood arises in this case; for all the aunts and uncles were *the decedent's* kindred of the whole blood, of equal degree.

Respondents' whole contention rests upon the theory that section 1394 of the Civil Code changes the rule of section 1386 above quoted. But, to see the mistake of that theory, it is only necessary to observe that section 1394 deals entirely with the case of kindred of "the half blood"—not with kindred of the whole blood, whose rights had already been fixed by section 1386. Section 1394 is as follows: "Kindred of the half blood inherit equally with those of the whole blood in the same degree, unless the inheritance came to the intestate by descent, devise, or gift of some one of his ancestors, in which case all those who are not of the blood of such ancestor must be excluded from such inheritance." Here the words "all those" clearly refer to their antecedents in the sentence "kindred of the half blood." Kindred of the half blood being the subject of the main proposition of the section is necessarily the subject of the exception which follows the word "unless." The section simply means that kindred of the half blood shall inherit equally with those of the whole blood, except in a certain case, and, in that case, *kindred of the half blood* shall not inherit. And who are kindred of the half blood?—why, of course kindred of the half blood *of the decedent.* There were none such in the case at bar. If the next of kin of equal degree of the intestate be some of the whole blood and some of the half blood *of the intestate*, the half blood, shall not inherit if they are not of the blood of the person from whom the intestate inherited the property to be distributed; but, if all be kin of the whole blood of the intestate, or if the half bloods be of the bloods of the ancestor, then all share alike. Kindred of the whole blood, if next of kin, share in all of the estate of the decedent, no matter from what source it came.

Respondents present no case, arising under a statute like ours, which at all conflicts with the foregoing views; on the other hand they are clearly stated in the *Estate of Kirkendall,* 43 Wis. 167, which respondents cite. In that case, the intestate, Mary Jane Kirkendall, had inherited her estate from her mother. She left no kin except uncles, who were brothers of her mother, and a *paternal grandmother.* The grandmother was the next of kin, but it was contended that she did not inherit because she was not of the blood of the intestate's mother, and that the estate should go to the uncles who *were* of that blood. But it was held otherwise in the lower court, and the decree was affirmed in the appellate court. The clause of the statute there invoked was exactly like ours. The whole section (section 4) was as follows: "The degrees of kindred shall be computed according to the rules of the civil law; and kindred of the half blood shall inherit equally with those of the whole blood in the same degree, unless the inheritance came to the intestate by descent, devise, or gift of some one of his ancestors, in which case *all those* who are not of the blood of such ancestor shall be excluded from such inheritance." The discussion of the subject by Lyon, J., who delivered the main opinion, and by Ryan, C. J., who delivered a concurring opinion, is very full and interesting; but we have space to give only a few sentences of their opinions. Lyon, J., said: "Mary Jane Kirkendall, and not her mother, is the person from whom the succession to the estate in controversy is to be traced." Having stated that it was *not* the principle of the statute "to confine the descent of an ancestral estate to those who are of the blood of the ancestor from whom the estate descended," he proceeds to discuss the clause in question as follows: "The first clause of the section, which contains the rule for computing the degrees of kindred, does not aid the construction of the balance of the section. For that purpose it might as well have constituted a section by itself. The remainder of the section treats only of kindred of the half blood.

Their rights, and *theirs alone,* are therein defined and limited, and we find nothing in the language of the section which authorizes us to say that any other class of kindred is within its purview. We think the plain grammatical construction of the clauses under consideration is that the kindred of the intestate of the half blood shall inherit equally with those of the whole blood, *except* that if the estate is ancestral only such *kindred of the half blood* as are of the blood of the ancestor from whom the estate came shall inherit." We find here no limitation of the rule of subdivision 6, section 1, that " if the intestate shall leave no issue, nor widow, and no father, mother, brother, or sister, his estate shall descend to his next of kin in equal degree." From the able opinion of Ryan, C. J., we will quote only the following: " I think that, by all rules of construction, this clause is confined to the provision which it limits, and cannot otherwise affect the general rule of inheritance. It can have no application except in cases of next of kin of the half blood and the whole blood in equal degree, when it operates to exclude, in the particular case, the general right extended to the half blood. *Unless* is equivalent to except, and is here used to introduce an exception to the right of the half blood. All that follows it in the section is dependent on it, and qualified by it, and goes to define the exception which it declares. In the particular case 'all persons' are not excluded—but 'all those'; the relative pronoun relating back and clearly signifying all those of the half blood." (See, also, *Rowley* v. *Stray,* 32 Mich. 70; *Ryan* v. *Andrews,* 21 Mich. 229; *Robertson* v. *Burrell,* 40 Ind. 328.) *Speer* v. *Miller,* 37 N. J. Eq. 492, cited by respondents, was under a statute which expressly provides that ancestral estates shall go only to those who are of the blood of the ancestor from whom the estate came.

(It is said incidentally in the brief of appellants, that perhaps the administrator of Mrs. Valentine should not share in that part of the estate which came from

the decedent's mother; but we do not understand that the record presents that point.)

The parts of the order of distribution appealed from are reversed, and the cause is remanded with directions to the probate court to make distribution of all the estate of said Hiram Pearsons, deceased, now ready for distribution, in equal shares to the said seven aunts and uncles of said deceased.

HENSHAW, J., and TEMPLE, J., concurred.

Hearing in Bank denied.