### T. & H. SMITH & CO. ET AL. v. E. W. TABER.

#### Delivered April 7, 1897.

1. **Foreign Court—Jurisdiction—Garnishment.**
   Jurisdiction is not acquired by a garnishment unless the debt due by the garnishee is payable at a point within the jurisdiction of the court.

2. **Garnishment—Jurisdiction.**
   A debt is subject to garnishment in the place where it is payable.

3. **Corporation Succeeding Firm—Liabilities—Rights.**
   A corporation which has succeeded to the liabilities of a firm is entitled, in an action against it by a creditor of the firm, to the benefit of a judgment rendered against the firm as garnishee in an action by a third person against such creditor.

APPEAL from the County Court of Dallas. Tried below before Hon. T. F. NASH.

*Porter & Cohron*, for appellants.—1. In an action on a foreign judg‑ ment, the only question which the court can inquire into is the want of jurisdiction of the court rendering the judgment; and if the court ob‑ tained jurisdiction of either the person or the res, the judgment imports absolute verity, and precludes all further examination. Hall v. McKay,

14 S. W. Rep., 615; Wellborn v. Carr, 1 Texas, 463; Clay v. Clay, 13 S. W. Rep., 204; Henry v. Allen, 17 S. W. Rep., 515; Cooper v. Reynolds, 10 Wall., 931; Christmas v. Russell, 5 Wall., 290.

2. A corporation chargeable with the liabilites of a copartnership which it succeeds, is also entitled to the benefits arising out of the same contract by which it became bound. Wood on Mast. and Serv., sec. 271; Mech. on Agency, sec. 148.

*Harris, Etheridge & Knight,* for appellee.

FLY, ASSOCIATE JUSTICE.—Appellee sued T. & H. Smith & Co., a private corporation, on a certain contract between appellee and Luppe Luppen, Habbe Valde, and D. C. Smith, survivors of the firm of T. & H. Smith & Co., and said private corporation, said contract relating to the sale of certain vehicles for which appellee was to receive specified commissions. It was also alleged that the corporation had assumed all the liabilities of the firm of T. & H. Smith & Co.

In answer to the petition, the corporation, among other things, pleaded a judgment obtained against them as garnishees by a circuit court of Tazewell County, Illinois, for the amount due by them to appellee. To that plea appellee answered in his supplementary petition that the Illinois court had no jurisdiction of his person, he being a resident of Texas; that the note was payable in Texas; fraud in obtaining the judgment; and failure of consideration of the note on which the garnishment proceedings were based. Appellants urged exceptions to the supplemental petition, on the ground that it failed to show that the Illinois court had not by the seizure of property obtained jurisdiction. The pleadings are quite voluminous, but a further statement is unnecessary, in view of the conclusions formed by this court.

The judgment pleaded by the corporation shows, that in September, 1892, at a regular term of the Circuit Court of Tazwell County, State of Illinois, a certain suit, styled Central National Bank of Peoria v. E. D. Carter and E. W. Taber, was pending; that it was regularly called for trial, and proof of citation by publication was made to the court, and that copies of the publication were duly mailed to the defendants therein, and that judgment by default was taken for the amount of the debt; and it was further found that the survivors of the firm of T. & H. Smith & Co. were indebted to the defendants in the sum of $381.11, and judgment was rendered against the garnishees in that amount.

To render a judgment of another State binding on a citizen of Texas, there must have been personal service, or seizure of his property. Thouvenin v. Rodrigues, 24 Texas, 468; Falk Brewing Co. v. Hirsch, 78 Texas, 192.

Jurisdiction through seizure of the property of the nonresident can be obtained by means of an attachment or garnishment. In the first instance, the property is taken into the actual possession of the court. In the latter, the court will be deemed to have constructive possession of the

property by actual personal service of the writ of garnishment on the garnishee. The property of the nonresident must be actually present to be appropriated. So, in a case of garnishment, if the debt due by the garnishee is not payable at a point within the jurisdiction of the court, jurisdiction will not be obtained by garnishment. In other words, unless the debt due by the garnishees in the Illinois court was payable in Tazewell County, Illinois, the court had no jurisdiction, and the judgment against the garnishees in that court would form no defense to the action in the Texas court. Trust Co. v. Railway, 68 Fed. Rep., 685; Williams v. Ingersoll, 89 N. Y., 508; Harvey v. Railway, 52 N. W. Rep., 905; Shinn on Att. and Gar., sec. 626. Unless the situs of the debt is within the jurisdiction of the court, there could be no constructive possession of the property, and without such possession the nonresident debtor, not personally served, could not be brought within the jurisdiction of the court.

There is nothing in the contract sued on which points out the place in which the debt of appellants was to be paid, and no presumption will be indulged in that it was not to be paid in Illinois; but, on the other hand, the presumptions are in favor of the jurisdiction of the court and validity of the judgment, it having been shown that property was attached. The recitals of the judgment showing that the appellants were in the Illinois court, and that a judgment was rendered against them as garnishees, the jurisdiction is shown, and unless appellee by his pleading had attacked the jurisdiction of the court, full faith and credit must, as required by the Constitution of the United States, be given to the judgment. It is true that there was in the supplemental petition a general allegation of fraud, but there is no allegation that would go to show that the debt due by the garnishees to appellee was payable in Texas, or any other jurisdictional fact upon which the judgment could be contested. The fact that the debt due by appellee was payable in Texas could not affect the jurisdiction of the court. For purposes of attachment, a debt has a situs wherever the debtor can be found. Appellee could have sued for the recovery of the money in Illinois, where the debt was payable, and where it was subject to garnishment. Blake v. Williams, 6 Pick., 285; Lewis v. Bush, 15 N. W. Rep., 113; Harvey v. Railway, supra; Drake on Attach., sec. 597.

We conclude that the part of the supplemental petition attacking the judgment of the Illinois court was subject to the demurrers urged against it.

We are also of the opinion that the objections to the admission of the judgment in evidence were improperly sustained. Appellee pleaded that the corporation was the successor of the firm with whom he had contracted, and based his action against the corporation on that ground, and could not be heard to object to the judgment against the firm as garnishees, on the ground that it was an attempt to set off a claim of the firm against a joint demand on the firm and corporation. If the corporation succeeded to the liabilities of the firm, it must be accorded the benefits of the judgment.

We see no force in the objections to the judgment on the ground that it was not properly authenticated, or that it does not show garnishment proceedings.

The matter complained of in regard to the verdict will not probably arise on another trial.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*