**GERLACH MERCANTILE CO. v. HUGHES-BOZARTH-ANDERSON CO. (No. 1054.)***

(Court of Civil Appeals of Texas. Amarillo. Nov. 1, 1916. On Motion for Rehearing, Nov. 29, 1916.)

**1. GARNISHMENT ⊗═▷175—JUDGMENT AGAINST DEFENDANT.**

There can be no valid judgment against the garnishee until there is one against the original defendant.

[Ed. Note.—For other cases, see Garnishment, Cent. Dig. §§ 315–322; Dec. Dig. ⊗═▷175.]

**2. GARNISHMENT ⊗═▷124—QUESTIONING ORIGINAL JUDGMENT—POWER OF GARNISHEE.**

If the court rendering judgment against the original defendant had jurisdiction of his person and of the subject-matter of the suit, the garnishee cannot be heard to question the conclusiveness of the judgment between plaintiff and defendant, and the mere fact that the original judgment must be obtained before judgment can be rendered against the garnishee does not give him the right to assail it for mere irregularities not rendering it void.

[Ed. Note.—For other cases, see Garnishment, Cent. Dig. § 249; Dec. Dig. ⊗═▷124.]

**3. JUDGMENT ⊗═▷297, 311 — CORRECTION OF RECITALS.**

If the first entry of judgment was a mistake, and was not the judgment of the court, it was its right and duty to correct the entry on the minutes to speak the truth; and if there were recitals of facts as to date of service which were made by mistake, the mistake could be corrected.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 581, 584–586, 604, 605; Dec. Dig. ⊗═▷297, 311.]

**4. JUDGMENT ⊗═▷299(1) — CORRECTION AFTER TERM.**

By virtue of the continuing power of a court over its records, it may correct them and cause an entry of judgment to speak the truth at a time subsequent to the term at which it was rendered.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 583, 585, 586; Dec. Dig. ⊗═▷ 299(1); Appeal and Error, Cent. Dig. §§ 2201, 4674–4676.]

**5. GARNISHMENT ⊗═▷235(1) — PROTECTION OF GARNISHEE BY AMENDED JUDGMENT.**

A judgment of a court of competent jurisdiction, amended after term to correct a mistake in entering it upon the minutes, showing on its face to be valid, and importing verity, being in full force and unappealed from, protected a garnishee under it.

[Ed. Note.—For other cases, see Garnishment, Cent. Dig. §§ 423–425; Dec. Dig. ⊗═▷235(1).]

**6. JUDGMENT ⊗═▷518—"COLLATERAL ATTACK" BY GARNISHEE.**

An attack by a garnishee on the original judgment against defendant, amended after term to correct a mistake in its entry, is a "collateral attack."

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 961, 962; Dec. Dig. ⊗═▷518.

For other definitions, see Words and Phrases, First and Second Series, Collateral Attack.]

**7. GARNISHMENT ⊗═▷163—EVIDENCE—ORIGINAL JUDGMENT AGAINST DEFENDANT.**

The original judgment against a defendant was admissible as evidence in garnishment proceedings against his debtor.

[Ed. Note.—For other cases, see Garnishment, Cent. Dig. §§ 284, 301; Dec. Dig. ⊗═▷163.]

**8. JUDGMENT ⊗═▷521 — COLLATERAL ATTACK BY GARNISHEE — VALIDITY OF AMENDED ORIGINAL JUDGMENT.**

In the absence of affirmative showing on the face of the proceedings that there was no notice to defendant of motion to amend an original judgment to correct a mistake in its entry, in a garnishee's collateral attack on such judgment the court is not authorized to hold it void.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 964; Dec. Dig. ⊗═▷521.]

**9. GARNISHMENT ⊗═▷81(1)—JURISDICTION — RESIDENT DEBTOR — "GARNISHMENT OF A DEBT."**

The "garnishment of a debt" due a nonresident by a resident debtor is recognized by the statutes and decisions as being a suit in rem against the attached debt, the effect of which is to subject it to payment of the amount due plaintiff, though the general rule is that the situs of the debt and obligation is at the domicile of the creditor, and the right to subject the obligation of a nonresident does not infringe upon the sovereignty of the state of the nonresident creditor's domicile.

[Ed. Note.—For other cases, see Garnishment, Cent. Dig. § 146; Dec. Dig. ⊗═▷81(1).

For other definitions, see Words and Phrases, First and Second Series, Garnishment.]

**10. JUDGES ⊗═▷56 — DISQUALIFICATION OF JUDGE—EFFECT ON ORIGINAL JUDGMENT.**

The fact that the judge in garnishment proceedings is related to the garnishee, or is in some other way connected with, or interested in, the subject-matter of the proceedings, does not render void the judgment in the original suit against the original defendant.

[Ed. Note.—For other cases, see Judges, Cent. Dig. §§ 235–245; Dec. Dig. ⊗═▷56.]

**11. EVIDENCE ⊗═▷244(10) — ADMISSIONS — BY AGENT OF CORPORATION.**

In garnishment proceedings to reach the effects of the judgment debtor which he sold to the garnishee in violation of the Bulk Sales Law (Acts 31st Leg. c. 27), on showing that the general manager of the garnishee corporation bought the goods for his company, what he said in relation thereto while the negotiations were in progress was admissible as part of the transaction.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 926, 927; Dec. Dig. ⊗═▷244(10).]

**12. EVIDENCE ⊗═▷244(7) — ADMISSIONS — PERSONAL ACTS OF AGENT.**

If the general manager was acting for himself and not for the company in buying the stock of goods in violation of the Bulk Sales Law, the company was not bound by his declarations.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 923; Dec. Dig. ⊗═▷244(7).]

**13. EVIDENCE ⊗═▷484, 489—OPINIONS—COMPETENCY OF WITNESS—VALUE OF GOODS.**

In garnishment proceedings to subject a stock of goods alleged to have been sold by the judgment debtor to the garnishee in violation of the Bulk Sales Law, the testimony of witnesses, who testified to experience in handling and estimating goods of the class and character in question, as to the amount of goods left after an auction sale, and as to the value of the goods, which the garnishee was charged to have mingled with its own and sold, was admissible, there being no invoice by which the goods could be valued, objection going more to the weight than the admissibility of the testimony.

[Ed. Note.—For other cases, see Evidence, Cent.Dig. §§ 2267, 2274; Dec. Dig. ⊗═▷484, 489.]

---

⊗═▷For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Application for writ of error pending in Supreme Court.

14. GARNISHMENT ⟜163—EVIDENCE—LACK OF NOTICE OF SALE IN BULK.

In garnishment proceedings on account of goods alleged to have been sold by the judgment debtor to the garnishee in violation of the Bulk Sales Law, the attorney for the plaintiff, resident elsewhere than in the city of residence of his clients, was properly allowed to testify that they received no notice from the garnishee or the debtor with reference to the sale, as provided by the statute.

[Ed. Note.—For other cases, see Garnishment, Cent. Dig. §§ 284, 301; Dec. Dig. ⟜163.]

15. APPEAL AND ERROR ⟜1050(1)—HARMLESS ERROR—EVIDENCE.

The admission of such testimony of plaintiffs' attorney was harmless.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1060, 1069, 4153, 4157; Dec. Dig. ⟜1050(1).]

16. APPEAL AND ERROR ⟜273(2)—PLEADING ⟜87—OBJECTION TO FORM—REVIEW.

In garnishment proceedings, where the supplement, so called, and the other portion of the traverse, were attached together and made part of each other by allegation, in the absence of special exception as to the order of the pleading or that they were attached to each other, the entire answer should be looked to by the trial court and Court of Civil Appeals.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 1764; Dec. Dig. ⟜273(2); Pleading, Cent. Dig. § 180; Dec. Dig. ⟜87.]

17. FRAUDULENT CONVEYANCES ⟜47—SALES IN BULK—LIABILITY OF TRANSFEREE.

If the transferor of a stock of goods had creditors, the purported sale was void as to them if the Bulk Sales Law was not complied with, and if the transferee sold, disposed of the goods, or converted them by mingling them with its own, it became indebted to the trust for the creditors for their value.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. § 34; Dec. Dig. ⟜47.]

18. GARNISHMENT ⟜164 — DISPOSITION OF GOODS BY GARNISHEE—SUFFICIENCY OF EVIDENCE.

In garnishment proceedings on account of goods alleged to have been sold to the garnishee by the judgment debtor in violation of the Bulk Sales Law, where the goods were in the garnishee's establishment in July, 1913, when it marked the price so as to sell them, declaring they were going to give the people the full benefit of the bargain, and the garnishee, by its answer, swore that it had no effects of the debtor on December 7, 1914, when the writ was served, the trial court was warranted in inferring that the garnishee had disposed of the goods, especially in the absence of any evidence to the contrary.

[Ed. Note.—For other cases, see Garnishment, Cent. Dig. § 302; Dec. Dig. ⟜164.]

19. FRAUDULENT CONVEYANCES ⟜276 — SALES IN BULK—BURDEN OF PROOF—NOTICE TO CREDITORS—STATUTE—"UNLESS."

Under the Bulk Sales Law, providing that any sale of any portion of a stock of merchandise shall be void as against creditors of the seller "unless" the purchaser shall make full inquiry as to the names and places of residence of the seller's creditors, and shall in good faith notify the creditors, in garnishment proceedings on account of a stock of goods alleged to have been sold by the judgment debtor to the garnishee in violation of the Bulk Sales Law, where plaintiff showed a bulk sale, or a sale not in the regular course of business, and that it was a creditor of the seller, and that there were other creditors, the burden to show that the sale was

within the exception of the statute shifted to the garnishee, since the primary meaning of "unless" is unloosened from, having the force of "except," and those claiming to be excluded under it must show they are within the exception (citing Words and Phrases, Unless).

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. § 808; Dec. Dig. ⟜276.]

On Motion for Rehearing.

20. JUDGMENT ⟜497(3) — ATTACK — LACK OF SERVICE.

A party affected by a judgment obtained in a suit by publication has the right to show by the record either in a direct or collateral proceeding that there was no service, or such facts as show the court did not have jurisdiction, or would render the judgment void.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 938; Dec. Dig. ⟜497(3).]

21. JUDGMENT ⟜497(1)—COLLATERAL PROCEEDING—SHOWING OF JURISDICTION.

In a proceeding collateral to a judgment, such as a garnishment proceeding, if the judgment on its face shows jurisdiction, the party claiming under it is not required to go further.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 937; Dec. Dig. ⟜497(1).]

22. JUDGMENT ⟜521 — ATTACK — LACK OF SERVICE—BURDEN OF PROOF.

The burden to show there was no service is on the party assailing a judgment for lack of such service as is required by law.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 964; Dec. Dig. ⟜521.]

23. GARNISHMENT ⟜162 — AMENDMENT OF ORIGINAL JUDGMENT—NOTICE OF MOTION—BURDEN OF PROOF.

In garnishment proceedings on an amended or corrected judgment which did not recite notice to the judgment debtor of the motion to amend, the burden was on the garnishee to show that there was no notice, which was not satisfied by showing that the clerk issued none, since notice could have been given in other ways, or been waived.

[Ed. Note.—For other cases, see Garnishment, Cent. Dig. § 300; Dec. Dig. ⟜162.]

24. GARNISHMENT ⟜162 — AMENDMENT OF ORIGINAL JUDGMENT—NOTICE OF MOTION—PRESUMPTION.

In garnishment proceedings under an amended original judgment, the presumption, in the absence of contrary evidence, is that notice of the motion to amend was waived, or given in some way.

[Ed. Note.—For other cases, see Garnishment, Cent. Dig. § 300; Dec. Dig. ⟜162.]

25. APPEAL AND ERROR ⟜934(1)—PRESUMPTION—AMENDMENT OF ORIGINAL JUDGMENT—NOTICE.

In garnishment proceedings under an amended original judgment, the court should presume on appeal that if notice of the amendment was not waived by the judgment debtor, the garnishee would have proven the fact either by the record or aliunde evidence.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3777, 3780, 3781; Dec. Dig. ⟜934(1).]

Appeal from District Court, Hemphill County; C. Coffee, Special Judge.

Garnishment proceedings by the Hughes-Bozarth-Anderson Company against the Gerlach Mercantile Company. From a judgment for plaintiff, the garnishee appeals. Judgment affirmed.

⟜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Hoover & Dial and Baker & Willis, all of Canadian, for appellant. Fisher & Palmer, of Canadian, for appellee.

HUFF, C. J. This is an appeal from a judgment in favor of the appellee, Hughes-Bozarth-Anderson Company, against the appellant, Gerlach Mercantile Company, for the sum of $809.45, being the principal and interest of an indebtedness due by James Margetts to the appellees, as established by a judgment in favor of appellees, against Margetts in cause No. 710, on the district court docket.

On the 7th day of December, 1914, the appellees, in cause No. 710, Hughes-Bozarth-Anderson Co. v. James Margetts, sued out a writ of garnishment, causing its affidavit and bond for writ to be filed therein on that day and causing a writ of garnishment to be issued to the appellants, Gerlach Mercantile Company, to answer at the next term of the district court of Hemphill county, to be convened on the 11th day of January, 1915, what, if anything, it was indebted to James Margetts, and what effects, if any of the said Margetts, it had in its possession.

The original suit appears from the record to have been instituted by appellants against Margetts as a nonresident, and service was obtained therein by publication. The district court, in which the case was pending, convened January 11, 1915. The case appears to have been passed until the August term, 1915, when judgment was taken against Margetts by default. This judgment recites in its face that service was had by publication in a paper on the following dates: December 17, 24, and 31, 1914, and January 7, 1915, stating that the court found that the appellees here and plaintiffs there recover the sum of $640, together with interest at the rate of 10 per cent. from the 1st day of June, 1913. At the January term of court, January 28, 1916, it appears that this judgment was amended or corrected upon motion. The order directing the correction of the judgment, among other things reciting that it appeared to the court that the judgment entered of record in the minutes of the court did not set forth and speak the action and judgment of the court as rendered in the cause and that a clerical error was made in entering the judgment therein, and it was therefore ordered that the motion be granted, and that the judgment entered be reformed and made to speak the judgment of the court. The judgment caused then to be entered showed that the suit was instituted by appellees against Margetts, and that he was cited by publication, that he had not filed an answer within the time prescribed by law, and that the Hon. J. W. Sanders, an attorney of the court, was appointed to defend in behalf of Margetts. Then reciting the publication in a weekly newspaper published in Hemphill county, and that it was published on the 10th, 17th, 24th, and 31st days of De-

cember, 1914, and on the 7th day of January, 1915, being published four successive weeks prior to the return day of the term, January, 1915. It decreed the same amount, reciting that the indebtedness appeared to be a liquidated demand evidenced by an instrument in writing; reciting also that the process of the court may issue to subject the res or the property and effects brought within the jurisdiction of this court, by virtue of the writ of garnishment issued in the cause and served upon Gerlach Mercantile Company, which cause was then pending in the court upon the dockets as cause No. 1028, Hughes-Bozarth-Anderson Co. v. Gerlach Mercantile Company, Garnishee. And it was further ordered that plaintiff's garnishment lien be and the same was foreclosed.

The original judgment entered also showed that the Hon. J. W. Sanders was appointed by the court without reciting that he was an attorney of the court. The garnishees answered the writ of garnishment that it had no property or effects of Margetts,' and that it was not indebted to him and knew no one who was so indebted.

The appellee, Hughes-Bozarth-Anderson Company, traversed this answer, alleging substantially that the garnishee was indebted to said Margetts, and that it had effects of said Margetts in its possession, alleging that it purchased a stock of merchandise from James Margetts, July 19, 1913, and that the seller and purchaser failed to comply with the Bulk Sales Law of Texas, with regard to getting a list of the creditors of Margetts and in not registering notice to them; that the garnishee paid only $1,310.05 for the goods, and their real value and market value was $3,000; that the garnishee moved the stock of goods into a building where it was running a business of like character and mingled the merchandise with his own, placing it beyond identification and reach of the creditors of Margetts; that it sold part of the goods and appropriated all of same to the use and benefit of the garnishee, alleging fraud on the part of Margetts, and the knowledge of such fraud by the garnishee in placing his property, or attempting to do so, beyond the reach of creditors.

This case was tried before Hon. C. Coffee, special judge, who was agreed upon by the parties; the Hon. Frank Willis, the regular presiding judge of that district, having certified that he was disqualified to try the garnishment proceedings, but rendered the corrected or amended judgment in the original suit, No. 710.

The facts in this case, we think, were sufficient to warrant the trial judge in finding that the appellant purchased the goods from Margetts, paying therefor the sum of $1,310.05, and immediately thereafter removed the same from Margetts' store building to the house occupied by appellee as a mercantile establishment, with goods therein of like kind and character. The facts necessary to a fur-

ther understanding of this case will be noticed in disposing of the several assignments.

[1, 2] It is undoubtedly true that there can be no valid judgment against the garnishee until there is a valid judgment against the defendant. If the court had jurisdiction of the person and of the subject-matter of the suit, the garnishee cannot be heard to question the conclusiveness of the judgment as between the plaintiff and defendant, for the judgment against himself will be full protection to him for any payment he may make under it. Sun Metal Insurance Co. v. Seeligson, 59 Tex. 3. If the judgment was void it will not protect the garnishee. Shoemaker v. Pace, 41 S. W. 498.

The assignments from 1 to 9, inclusive, and propositions thereunder, urge that the judgment is void because: (1) On its face it is shown citation by publication was not made for fully 28 days before the return day. (2) That it was not shown the debt was payable in the county of the suit, it being a debt due a nonresident. (3) That the corrected judgment, rendered January 28, 1916, the day before trial, should not have been admitted in evidence because rendered without notice as provided by statutes. (4) It was entirely different from the first judgment, rendered at the August term, containing new and different adjudication, it being: (a) In rem instead of one in personam, as was the first. (b) The property was brought into court by garnishment and the lien foreclosed without notice to the garnishee. (c) The latter judgment reciting a recovery upon a liquidated demand found upon a written instrument the former only found a debt. (d) The original judgment showed service by publication less than 28 days. The corrected judgment showed more than that time. (e) The garnishee was required to look to the whole record, petition, citation, and the like, which are not shown in this record. (5) The judgment was rendered by the Hon. Frank Willis, who had certified his disqualification in the garnishment cause, and therefore void.

[3] As we understand, appellant does not contend the corrected judgment is void on its face, but that it is so because there was no notice given to the defendant therein, and because the latter was different in important particulars from the former. We also understand it is not contended that the court did not in fact render the judgment at the August term which is shown by the amended judgment entered at the January term following, but that because the entry first made evidenced on its face that it was invalid, that it could not be amended or corrected. If this entry was a mistake and was not the judgment of the court, it was the right, as well as the duty, of the court to see to it the judgment entry on the minutes spoke the truth; that it evidenced the judgment which the court rendered. If there are recitals of facts as to the date of service, which in truth are shown to have been made by mistake, we see no reason why the mistake may not be corrected. Coleman v. Zapp, 105 Tex. 491, 151 S. W. 1040. As will be observed in the original entry, the first date of publication is stated as the 17th of December. The amendment shows that the first date of publication was the 10th day of December, 1914. The first judgment simply shows that it was one in personam, while the corrected judgment shows it to be one in rem. We believe it will not be necessary to enter into a discussion whether the first entry on its face was void or voidable. If the amended judgment shows to be a valid judgment the garnishee is protected by it. The correction was entered before the trial of the garnishment proceedings and the rendition of the judgment therein. It has been held that a judgment entered as a personal one against a nonresident upon service by publication may be corrected so as to make it one in rem, restricting it to the fund attached by garnishment. Austin Nat. Bank v. Bergen, 47 S. W. 1037.

[4-7] By virtue of the continuing power of a court over its records, it may correct the records and cause the entry of the judgment to speak the truth at a time subsequent to the term at which it was rendered. Blum v. Neilson, 59 Tex. 378; Hickey v. Behrens, 75 Tex. 488, 12 S. W. 679. The fact that service was had by publication on the days named in the corrected entry, that a garnishment was issued and served, that the debt was a liquidated demand, that the defendant was a nonresident, and that the suit was one in rem, and that jurisdiction was obtained by the garnishment lien, were all matters of record in that case, by which the entry could be corrected and would not rest upon parol testimony. The judgment here, as was said by Mr. Justice Phillips, in Coleman v. Zapp, supra—

"sought only to amend the entry, nunc pro tunc, so as to include that which was omitted and thereby afford a faithful record of the whole judgment. In other words, it did not seek the amendment or correction of a judicial mistake as distinguished from a clerical mistake or omission."

The court having the power to correct an erroneous entry of the judgment in this case at the terms it did, the amendment as ordered entered shows a valid judgment in which the court had jurisdiction by virtue of the attachment of the defendants' property or debt through garnishment proceedings, and to enforce the lien so acquired. This judgment, being in full force and unappealed from, is sufficient to protect the garnishee. The attack upon the judgment by the garnishee is a collateral attack. Crawford v. McDonald, 88 Tex. 626, 33 S. W. 325; Ferrell, etc., v. McCormack, 184 S. W. 1081; Reeves v. Fuqua, 184 S. W. 682. The judgment here entered was rendered in a differ-

ent proceeding from the original case. It was under the law admissible as evidence in the garnishment proceeding, but the mere fact that it must be obtained before judgment could be rendered against the garnishee did not give the garnishee the right to assail it because there were mere irregularities not rendering it void. It was the judgment of a court, of competent jurisdiction, valid on its face, importing verity. This judgment the garnishee was not required to set aside or to show that there were irregularities which might set it aside. Being a valid judgment on its face, which will protect the garnishee, is all with which the garnishee is concerned. Patterson v. Seeton, 19 Tex. Civ. App. 430, 47 S. W. 732.

Our Supreme Court has held to render a judgment of the district court liable to collateral ·attack for want of service or notice to the defendant, against whom the judgment was rendered, it is necessary that the absence of notice or service should appear affirmatively on the face of the proceedings in which the judgment was rendered. Mikeska v. Blum, 63 Tex. 44; Lyne v. Sanford, 82 Tex. 58, 19 S. W. 847, 849 (3), 27 Am. St. Rep. 852.

[8] The amended judgment does not recite whether notice of the motion to amend was served on the defendant or upon his attorney. The clerk testifies that he issued no notice. The defendant could have waived notice or notice may have been effected by other methods than by service of process issued by the clerk. In the absence of an affirmative showing on the face of the proceedings that there was no notice, in a collateral attack upon the judgment, we do not believe we are authorized to hold the judgment void. Lawler v. White, 27 Tex. 250; Fitch v. Boyer, 51 Tex. 336; Gibson v. Oppenheimer, 154 S. W. 694.

In the case of Fitch v. Boyer, above, it is stated a domestic judgment of a court of general jurisdiction—

"is entitled .to such absolute verity, that in a collateral action, even where the record is silent as to notice, the presumption, when not contradicted by the record itself, that the court had jurisdiction of the person also, is so conclusive that evidence aliunde will not be admitted to contradict it."

It is assigned that it was error to overrule the appellant's exception to the traverse, to the effect that in the absence of a showing that the debt garnished was payable within the jurisdiction of the court that the situs would be where the nonresident creditor lived.

[9] In the original action it is shown that both plaintiff and defendant therein were nonresidents. The garnishee owing the debt, or who held the effects of the nonresident defendant, resided within the jurisdiction of the court. "The general rule is well settled that the situs of the debt and obligation is at the domicile of the creditor. But the attachment laws of many states recognize the right of a creditor of a nonresident to attach a debt or credit owing or due him, by a person within the·jurisdiction where the attachment issues, and to this extent the principle has been sanctioned that the laws of the state, for the purpose of attachment proceedings, may fix the situs of a debt at the domicile of the debtor." 2 R. C. L. p. 806, Attachment, § 5.

The case of Smith v. Taber, 16 Tex. Civ. App. 154, 40 S. W. 156, cited by appellant, as we understand it, is in accord with the rule above quoted. The garnishment of a debt due a nonresident by a resident debtor is recognized by our statutes and by repeated decisions as being a suit in rem against the attached debt, the effect of which is to subject it to the payment of the amount due the plaintiff. This right to subject the obligation of a nonresident does not, under the holdings of our courts, infringe upon the sovereignty of the state of the nonresident's domicile.

[10] The judge, the Hon. Frank Willis, of the district in which this case was tried, rendered the judgment in the original suit, out of which the garnishment was issued, No. 710. In this case the garnishment proceedings, No. 1028, he certified his disqualification, and the Hon. O. Coffee tried the garnishment case as special julge. The cause or grounds of disqualification are not stated. It can be readily seen that the judge may not be disqualified in the original suit, but in the garnishment he may be related to the garnishee, or in some other way may have been connected or interested in the subject-matter of the latter suit. In either event, this would not render the judgment in the original suit void. The case of Patterson v. Seeton, 19 Tex. Civ. App. 430, 47 S. W. 733, we think settles the question. In that case the judge who rendered the original judgment was the brother-in-law of the garnishee. The court there held the original judgment was not void on account of the relationship of the judge rendering the original judgment. It has been held also a judge presiding at the trial of an action on an appeal bond is not disqualified because he was attorney for the defendant in the criminal case in which the bond was given. Hobbs v. Campbell, 79 Tex. 360, 15 S. W. 282; Harverty v. State, 32 Tex. 602. Assignments from 1 to 9 are overruled.

[11, 12] The tenth assignment is overruled. George Gerlach, by the answer of appellant, shows that he was the general manager of appellant corporation. This fact, with other circumstances, shows that he bought the goods for his company and what he said in relation thereto while the negotiations were in progress, was admissible as part of the transaction. If the evidence should show he was acting for himself and not the company, of course the appellant would not be bound by his declarations. That fact depends upon the evidence to be considered by the court.

[13] The eleventh and twelfth assignments are overruled. L. S. Parmer and W. A. Parmer gave their estimate; one of the amount of goods left after an auction sale and the other of the value of the goods. There was no invoice by which the goods could be valued; they were removed from one house and placed in another building with other goods. About the only way to arrive at the amount of the goods or their value was by giving an estimate. These witnesses testified to experience in handling and estimating and to their knowledge of the value of the class and character of goods in question. We think the objection goes more to the weight to be given to the testimony than to its admissibility. This evidence we believe falls under the rule announced in Harris v. Schuttler, 24 S. W. 989; Belknap v. Groover, 56 S. W. 252. The charge in this case was that appellant purchased the goods in bulk and mixed and mingled them with other goods. The estimated value was about the only way appellant had of proving their value or amount.

[14, 15] The thirteenth assignment urges there was error in permitting W. A. Parmer to testify that appellee did not receive notice from the garnishee or Margetts with reference to the sale, as provided by the statute. It is urged he could not have known the fact testified to, for the reason that the witness was an attorney at Canadian, and the appellees, the clients of the witness, resided in Oklahoma City. He testified there was no notice. We do not see very well how the court could have excluded the evidence. The court doubtless gave the evidence such weight as it was entitled to under the circumstances; however, if the admission of this evidence was error, as we view the record, it could not have been material.

The fourteenth assignment is to the effect that there was no evidence that the appellant ever purchased or received the goods. Without setting out the evidence, we believe the facts are sufficient to warrant the trial court in finding that the appellant purchased and paid for Margetts' goods and moved them into its business house, and that it paid therefor the sum of $1,310.05.

[16] The fifteenth assignment of error is as to the form of the pleadings. This assignment will be overruled.

The supplement so called and the other portion of the traverse were attached together and made part of each other by allegation. There was no exception as to the order of the pleading, or that they were attached to each other. In the absence of such special exception the entire answer should be looked to by the trial court and this court.

[17, 18] The proposition under the fifteenth assignment, the sixteenth assignment, and the nineteenth assignment present the proposition that to warrant the judgment against the garnishee for the value of the goods the pleadings and facts must justify a monied recovery; that is, that the garnishee disposed of the goods. It is asserted there is no fact showing that the goods were disposed of by the garnishee. The goods were shown to be in the mercantile establishment of the corporation, and were being marked down as to price and for sale. This was in July, 1913, and the employés asserted at the time the people should have the benefit of the price. The goods were found in the store with goods of like kind and character. The allegation is they were intermingled with other goods so they could not be segregated or identified. The appellant in this case, the facts we think show, took possession of the goods. The goods were the property of Margetts if at the time of the alleged sale the Bulk Sales Law (Acts 31st Leg. c. 27) was not complied with; that is, if he then had creditors the purported sale was void as to them. If it should be found Margetts or the garnishee has not complied with the law these goods could be appropriated by his creditors to their debts. It will be noticed the garnishee did not state that it held the goods or offered them as a stakeholder for levy under execution of the creditors, but simply denied that it had any effects of Margetts. Our Supreme Court holds that one purchasing merchandise in violation of the Bulk Sales Law holds the property as trustee for the creditors of the seller and not for himself. Owosso, etc., v. McIntosh et al., 179 S. W. 257, L. R. A. 1916B, 970. If the appellant sold or disposed of this property it became indebted to the trust for its value. Id. The judgment recites that the garnishee was indebted at the date of the garnishment in the sum of $1,310.05. It is claimed there is no evidence establishing such indebtedness. The trial court evidently found the value of the goods to be the amount appellant paid for them instead of the estimated value made by the witnesses. The court also evidently found that the appellant had disposed of or appropriated the goods. They were in appellant's establishment in July, 1913, when it marked the price so as to sell them, declaring they were going to give the people the full benefit of the bargain. Appellant, by its answer, swears it had no effects of Margetts on December 7, 1914, when the writ was served. If it did not have such effects it had disposed of them and was therefore indebted. It was in the power of the garnishee to show by its answer and by evidence whether it had these goods or any part of them, but it remained silent when it was called upon to speak, and from these facts we think the trial court had evidence and ground for the inferences that appellant had disposed of the goods, especially in the absence of any evidence to the contrary.

The appellant cites us to the case of Holloway Seed Co. v. City National Bank, 92 Tex. 187, 47 S. W. 95, 516, on the question of pleading. The pleadings in this case allege a conversion of the goods by intermingling them

with other merchandise of the garnishee. The case cited holds that if it was desired to show a pecuniary liability on the part of the garnishee it was necessary to plead the facts from which such pecuniary liability arose, "so that the garnishee shall have the opportunity of contesting them upon the trial." The garnishee in this case, by traverse, was given an opportunity to contest this allegation. This it did not see proper to do, either by pleading or evidence. It is again said in that case:

"There were no allegations in the pleadings of either party with reference to this matter (mingling). The court held that since the garnishee, after the service of the writ, had so mingled other merchandise of a like character with the original articles of the stock as to make it impracticable to distinguish them, it should deliver up to the sheriff the whole stock as it existed at the time of the trial. The complaint here is that the court erred in its ruling, because the facts upon which it was based were not pleaded. We are of the opinion, however, that it was not a matter necessary to be pleaded. The rule as to the confusion of goods is merely a rule of evidence. The wrongful mingling of one's * * * goods with those of another, when the question of identification of the property arises, throws upon the wrongdoer the burden of pointing out his own goods, and, if this cannot be done, he must bear the loss which results from it. It is but an application of the principle that all things are presumed against the spoliator; that is to say, against one who wrongfully destroys or suppresses evidence."

The case was reversed because there was a conditional judgment; that is in the event the property was not returned that the plaintiff recover $5,000. This the Supreme Court held could not be done under the statute because under the pleadings no such judgment was sought. Judge Gaines, who delivered the opinion for the court, was careful to state although the only statutory judgment was to require the garnishee to deliver the goods to the sheriff, it did not follow, however, he said, that the plaintiff would be without remedy. Since the plaintiff, by the proceeding, acquired a lien upon the effects the garnishee could be proceeded against, either in an original suit or an ancillary proceeding for the conversion of the property. "If, in a case of fraudulent transfer, the garnishee has sold a part of the effects transferred before the service of the writ, then, as held in Willis v. Yates, 12 S. W. 232, he may be held liable to the extent of the goods so sold, as for a debt. And so we think that when he has sold or converted the goods, in whole or in part, after the writ has been served upon him, the plaintiff is not without remedy in the very proceeding itself. While there is no express remedy given by the statute in such a case, * * * we are of the opinion that it was not intended that the garnishee could, by an unlawful disposition of the property after the service of the writ, force the plaintiff to a new suit." The court then held in that case there was no such pleading as would give the garnishee an opportunity to meet that issue. In other words, it had the right to point out the goods, and it must be given an opportunity to do so, and if the traverse had in that proceeding given it the opportunity, the court could have rendered a personal judgment against the garnishee, as on a debt, upon proof of conversion by mingling.

In this case the pleadings charge the garnishee with converting the goods. The evidence is sufficient to warrant the finding that they were mingled with the garnishee's goods of like kind and character. The garnishee neither by evidence nor pleading denies the facts charged. It stands in the attitude of "one who wrongfully destroys or suppresses evidence." When it took charge of the goods it did so as trustee for the creditors under the Bulk Sales Law, and when it converted them by mingling them it was liable to the creditors for their value. Such is the holding of the Holloway Case and the Owosso Case, supra, as we understand them. The lien was fixed on the funds held in trust by the garnishment. The appellee was entitled to its judgment for the amount of its demand, which did not exceed the value of the goods converted.

[19] The seventeenth assignment presents the question of the burden of proof. The proposition is that the plaintiff takes the burden of establishing a purchase in violation of the Bulk Sales Law. The apparent contention in this case is that there was no evidence showing a failure to obtain a list of the creditors of Margetts, or notice to them under the act. The evidence in this case is meager, but in support of the judgment of the court we construe it as sufficient to show that Margetts was engaged in a mercantile business in the town of Canadian, and that about the date alleged he sold the stock of goods to the garnishee in bulk and not in the usual course of the business, for the sum of $1,310.05. That at that time he was indebted to various creditors for goods, among whom was the appellee. Appellant contends in order to render the sale void under the statute the burden was on the plaintiff to show, not only the sale in bulk and indebtedness at the time, but also there was no list of the debts given and no notice was sent to the creditors. In the Owosso Case, supra, it is said:

"In considering this question it should be remembered that the purchase by defendants in error from Sweet, however innocently intended, was an open violation of the Bulk Sales Law, and, under section 1 thereof, 'void as against creditors of the seller.' There was, then, no real sale in law, but merely a change of possession."

In some jurisdictions the statute makes a violation of the law presumptively fraudulent and void as to creditors. If good faith is shown that presumption is rebutted. This is not so under our statute and the holding of the Supreme Court. The sale in bulk as to creditors is void unless the list and notice is obtained and given as required by the

act. The wording of the statute would indicate the sale is void when creditors are shown and a bulk sale proven. We interpret the clause, "Unless the purchaser or transferrer shall at least ten days before the sale or transfer in good faith make full and explicit inquiry of the seller or transferrer as to the names and places of residence," etc., and the purchaser shall at least ten days before the sale in good faith notify the creditors, to be an exception to the rule preceding it; that is, "Any sale or transfer of any portion of a stock of merchandise * * * shall be void as against creditors of the seller or transferrer." "Provisos and exceptions are similar; intended to restrain the enacting clause; to except something which would otherwise be within it or in some manner to modify it." Sutherland, Stat. Const. § 222. "The exception of a particular thing from general words, proves that, in the 'opinion of the lawgiver, the thing excepted would be within the general clause, had the exception not been made." Brown v. State of Maryland, 12 Wheat. 419, 6 L. Ed. 678. "When there are words expressive of a general intention, and then of a particular intention incompatible with it, the particular must be taken as an exception to the general,' and so all the parts of the act will stand." Howard Oil Co. v. Davis, 76 Tex. 630, 13 S. W. 665; Campbell v. Wiggins, 85 Tex. 424, 21 S. W. 599.

The primary meaning of "unless" is "unloosened from"; it has the force of "except." So what follows in the sentence after the word "unless" is excepted or unloosened from what went before it. As used in Code, § 216, providing that the officer shall not be bound to keep the property levied upon unless the plaintiff on demand shall indemnify him, though negative in form, conveys an affirmative meaning, viz. that if the cause is made as provided it shall be valid against them. 8 Words and Phrases, 7194; Manning v. Keenan, 73 N. Y. 45. "'Unless' frequently, as used in statute, means 'except.'" Alexander v. People, 7 Colo. 155, 2 Pac. 894; Young v. Little, 15 N. J. Law, 1, 15; In re Pearson's Estate, 110 Cal. 524, 42 Pac. 960; In re Smith's Estate, 131 Cal. 433, 63 Pac. 729, 82 Am. St. Rep. 358; Cramer's Appeal, 43 Wis. 167. "Unless it appears," or unless a thing is done, implies that the burden of proof is upon those who would make the intention appear, or that the thing was done. Ramsdill v. Wentworth, 106 Mass. 320. In other words, those claiming to be excluded from the general rule must show they are within the exception. This is illustrated by our Supreme Court in construing article 3967, R. C. S. Every gift by a debtor "shall be void as to prior creditors, unless it appears that such debtor was then possessed of property," etc. That court said:

"The proposition announced by the Court of Civil Appeals, that the burden of proof was upon the plaintiff to establish the insolvency of Summerlin in order to subject property given to his wife, is in conflict with the above article of the statute. As to pre-existing debts, the gift was, by the statute, prima facie void and the property subject to the payment of such debts of Summerlin unless the donee should make it appear that he was, * * * 'possessed of property within this state, subject to execution, sufficient to pay * * * existing debts.' The terms of the statute are so plain that it is not necessary to add argument to enforce it." Maddox v. Summerlin, 92 Tex. 483, 49 S. W. 1033, 50 S. W. 567.

Upon whom the burden of proof rests to bring the appellant within the exception is further illustrated by the rule frequently applied under the statutes of limitation. If the period of limitation is shown the burden is on the one claiming during the time that he or she was then under disability, suspending the running of the statute as nonage, coverture, or the like. We therefore hold appellee having shown a bulk sale or a sale not in the regular course of business and at the time it was a creditor of Margetts, and that there were other creditors of his, the burden or duty of proceeding or going forward and showing the sale was within the exception shifted to appellant, and, having failed to discharge that duty, the court was authorized to hold the sale void and to subject the property garnished to the appellee's debt.

The eighteenth assignment of error is overruled for the reason given in overruling assignments from 1 to 9, inclusive.

The evidence in this record is not at all satisfactory on several points, but we believe will be sufficient and is sufficient to support the judgment of the court.

Affirmed.

### On Motion for Rehearing.

[20-22] Some of the authorities cited by us in the original opinion are not strictly applicable to suits by publication against a nonresident, but refer to domestic judgments. They were cited by us as illustrative of the question of notice to amend the judgment. We did not for a moment question the right of the party affected by a judgment obtained in a suit by publication to show by the record there was no service, either in a direct or collateral proceeding, or such facts as would show the court did not have jurisdiction, or such facts as would render the judgment void. In a collateral proceeding if the judgment on its face shows jurisdiction, then the party claiming under it is not required to go further. If the adverse party wishes to assail the judgment the burden is on him to show that there was no service, such as required by law. This is supported, we think, by Hopkins v. Cain, 105 Tex. 591, 143 S. W. 1145. Headnote No. 2 of that case, which correctly reflects the holding therein, is as follows:

"Where the judgment assailed recites service, the court will be bound to accept that as correct. In the absence of such recital in a judgment obtained on service by publication, it will look to the entire record to determine it, the

burden being on the attacking party; and the statement of facts is by the statute made a part of the record where judgment is against unknown heirs."

[23-25] In the amended judgment service is shown to have been obtained the required length of time. The court had jurisdiction by virtue thereof and by the seizure of the debt or property by garnishment, and jurisdiction to render the judgment at the August term; but a mistake was made in its recitals, and at the January term following this mistake was corrected. The amended or corrected judgment does not recite notice of the motion. The burden, therefore, was on appellant to show there was no notice. This it attempted to do by showing the clerk issued none. Notice could have been given, in other ways or could have been waived. The appellant does not show or negative these facts. The burden resting on it was not thereby discharged and the amended judgment shown to be void. The presumption, in the absence of evidence to the contrary, is that notice was waived or given in some way or the judgment would not have been entered. The filing of the amended pleading requiring service is not analogous. It is the pleading which states the cause of action and gives the right to a judgment; hence citation is required. We do not think the authorities on such a condition applicable to this case where only notice is required of the motion to amend the judgment by the record. We should rather presume if notice was not waived appellant would have proven that fact, either by the record or by aliunde evidence. Hardy v. Beaty, 84 Tex. 562, 19 S. W. 778, 31 Am. St. Rep. 80, supports this proposition, and we believe it has not been departed from in this state. Much is said by way of discussion in numerous decisions, but the rule appears as stated by the decisions above cited.

The motion for rehearing is overruled.